Jim DORAN and Sami Constantine, M.D., Individually and On Behalf of the Putative Class of Persons and/or entities similarly situated, Appellants,

v.

CLUBCORP USA, INC. and University Club of Dallas, Inc., Appellees.

No. 05–04–01198–CV.

Court of Appeals of Texas, Dallas.

Sept. 27, 2005.

Rehearing Overruled Nov. 4, 2005.

Eric Gordon Walraven, Godwin Gruber, P.C., Michael Gruber, Brian N. Hail, Daon M. Ward, Godwin Gruber, LLP, Dallas, for Appellants.

Jim (James) Jordan, LaDawn H. Conway, Munsch, Hardt Kopf & Harr P.C., Dallas, for Appellees.

Before Justices WHITTINGTON, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

Jim Doran and Sami Constantine, M.D., appeal the denial of their motion for class certification in this lawsuit seeking to recover initiation deposits in a fitness club after the club closed. In two issues, Doran and Constantine assert the trial court abused its discretion by denying class certification. We affirm the trial court's order.

### BACKGROUND

The University Club of Dallas, Inc., a subsidiary of ClubCorp USA, Inc., opened a fitness club in North Dallas in 1982. Rather than a non-refundable initiation fee on which it would have to pay taxes, the Club required its members to make an initiation deposit that would be refunded thirty years after payment. In 1982, Doran bought a charter membership in the Club and paid an $800 "refundable" initiation deposit under a charter membership acceptance contract. There is some dispute as to whether this membership was purchased individually or on behalf of Doran's business. A box on the contract form was checked indicating the membership would by owned by Doran's company. Doran claims that even if the business originally owned the membership, the business transferred the membership to him after this lawsuit was filed. The trial court found, however, that the business had previously sold all of its assets to another entity and did not own the membership at the time of the transfer.

Constantine joined the Club in 1994 and paid a $100 initiation deposit. Later that year, Constantine resigned from the Club and no longer used its facilities. In 1999, the Club's lease expired and it ceased to operate the facility. The Club offered all current members the opportunity to transfer to another club in the area. Doran did not transfer his membership, but stayed at the facility, which was under new ownership. The facility was closed in 2000 by the property's new owners.

In 2002, Doran sent a written demand for the early refund of his initiation deposit. The Club refused, asserting the refund was not due until thirty years after the deposit. Doran and Constantine, individually and for a proposed class of former members of the Club, sued the Club seeking damages for breach of contract, conversion, and money had and received. They also sought declaratory relief.

Appellants sought to certify a class of former members of the Club who had paid refundable initiation deposits under contracts calling for payment of the refund thirty years after the deposit was made. After an evidentiary hearing, the trial court denied the motion for class certification concluding that: common issues of law and fact would likely not predominate, particularly in light of the tort causes of action; class certification would not be superior because individual issues would likely dominate the trial; and certification under TEX.R. CIV. P. 42(b)(2) would not be appropriate because the proposed class would not satisfy the cohesiveness requirement and the declaratory judgment cause of action merely duplicates the claims for damages. The trial court later filed findings of fact and conclusions of law.

### DISCUSSION

Appellants' first issue challenges certain of the trial court's findings of fact.

In an appeal from an interlocutory order, the trial judge may file findings of fact and conclusions of law, but is not required to do so. Tex.R.App. P. 28.1. *See Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934, 937 (Tex.App.-Dallas 1982, writ ref'd n.r.e.). Findings of fact and conclusions of law filed in connection with an order on interlocutory appeal may be "helpful" in determining if the trial court exercised its discretion in a reasonable and principled fashion. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex.1992) (orig.proceeding). However, they do not carry the same weight on appeal as findings made under rule 299. *Id.; see also* Tex.R. Civ. P. 299. Under an abuse of discretion standard of review, our task is to make an independent inquiry of the entire record to determine if the trial court abused its discretion; we are not limited to reviewing the sufficiency of the evidence to support the findings of fact made or limited to the specific legal conclusions reached by the trial court. *See Blackmon*, 841 S.W.2d at 853; *Vinson v. Tex. Commerce Bank–Houston*, 880 S.W.2d 820, 828 (Tex. App.-Dallas 1994, no writ). Thus, we do not review the trial court's findings of fact and conclusions of law separately from our analysis of whether the court abused its discretion in denying class certification. Appellants' first issue presents nothing for review.

■■■ Appellants' second issue argues the trial court abused its discretion by refusing to certify a class under either rule 42(b)(2) or 42(b)(3). Trial courts enjoy a wide range of discretion in deciding whether to maintain a lawsuit as a class action. *Vincent v. Bank of Am., N.A.*, 109 S.W.3d 856, 864 (Tex.App.-Dallas 2003, pet. denied). A trial court abuses its discretion when it: (1) acts arbitrarily or unreasonably; (2) does not properly apply the law to the undisputed facts; or (3) rules on factual assertions not supported by the record. *Kondos v. Lincoln Property Co.*, 110 S.W.3d 716, 720 (Tex.App.-Dallas 2003, no pet.); *Vinson*, 880 S.W.2d at 823. The supreme court has rejected what it described as a "certify now and worry later" philosophy towards class certification. *Southwestern Ref. Co., Inc. v. Bernal*, 22 S.W.3d 425, 435 (Tex.2000). Consequently, actual, and not presumed, compliance with rule 42 is required when a trial court decides to certify a class action. *See Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 690–91 (Tex.2002) (quoting *Bernal*, 22 S.W.3d at 434–35); *see also* Tex.R. Civ. P. 42. We determine whether a trial court, before ruling on a class certification, has performed a "rigorous analysis" on whether all prerequisites to certification have been met. *Bernal*, 22 S.W.3d at 435.

■■■ A class action may be maintained only if it meets all four requirements of rule 42(a). Tex.R. Civ. P. 42(a). In addition, a class action must meet one of three other requirements under rule 42(b). In this case, appellants sought certification under both rule 42(b)(2) and 42(b)(3). Where the claim is primarily one for money damages, such as this case, notice and an opportunity to opt-out of the class would normally be required in a(b)(2) similar to a(b)(3) class. *See Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 668–69 (Tex.2004). Thus, a party may not evade *Bernal's* rigorous analysis requirements by seeking to certify a class for declaratory relief under (b)(2). *Id.* at 670. "Although (b)(2) does not explicitly require predominance and superiority as (b)(3) does, (b)(2) does require a rigorous analysis of 'cohesiveness.'" *Id.* If notice and opt-out rights are provided to a(b)(2) class, the class cohesion analysis often "will be identical to the 'predominance and superiority' directive undertaken by the trial courts certifying (b)(3) classes." *Lapray*,

135 S.W.3d at 671. Because the trial court refused to certify a class under both (b)(2) and (b)(3) and the similarity between the declaratory relief and damages claims, we will conclude the (b)(2) cohesiveness and (b)(3) predominance and superiority analyses will be identical in this case.

■ As this Court noted in *Vinson*, an appellant seeking to reverse an order denying class certification, as appellants do here, faces a formidable task. *Vinson*, 880 S.W.2d at 824. They must demonstrate not only that they satisfied all the requirements for certification under rule 42, they must also show that the trial court's refusal to certify was legally unreasonable under the facts and circumstances of the case. *Id.*

■ We consider rule 42(b)(3)'s "predominance" requirement first. *See Kondos*, 110 S.W.3d at 721. Courts determine whether common issues predominate by identifying the substantive issues that will control the outcome of the litigation, assessing which issues will predominate, and determining if those predominant issues are common to the class. *Bernal*, 22 S.W.3d at 434. The test for determining whether common issues predominate is not whether the common issues outnumber individual issues, but whether common or individual issues will be the object of most of the litigants' efforts. *Id.* "If, after common issues are resolved, presenting and resolving individual issues is likely to be an overwhelming or unmanageable task for a single jury, then common issues do not predominate." *Id.* "[A] judgment in favor of the class should settle the entire controversy and all that should remain is for the other class members to file their proof of claims." *Wal–Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 554 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

Appellants argue the common issue is whether the closing of the Club caused a failure of consideration for the promise to refund the deposit after thirty years, justifying an early refund or rescission of the contracts. Once this common issue is decided, however, and assuming it is decided in favor of the proposed 3600 member class, it will still be necessary to determine, on an individual basis, whether class members owed any balance on their contract that would offset the refund, whether they transferred to another club and received additional consideration for the closing of the Club, whether they resigned and thus the consideration for their promise to wait thirty years for refund did not fail, whether they made a demand for return of the deposit in connection with the conversion claim, and the Club's defenses such as the statute of limitations. Based on the record before it, the trial court could have reasonably concluded that after resolving the common issues, "presenting and resolving individual issues is likely to be an overwhelming or unmanageable task for a single jury." *Bernal*, 22 S.W.3d at 434; *see also Vinson*, 880 S.W.2d at 825 ("Nevertheless, in this case, if appellants prevail as to any one of the common issues of law, the members of the class must do more than prove the amount of their individual claims.").

■ We also note appellants' assertions as to how the trial court abused its discretion in denying class certification are arguments that they satisfied all the requirements for certification under rule 42. Even if certification would have been proper, however, denial of certification may still not be an abuse of discretion. *Vinson*, 880 S.W.2d at 824. To show an abuse of discretion, appellants must demonstrate that the evidence negates any valid rationale by which the trial court could have denied class certification. *Id.* at 825. We conclude appellants have not made this showing. Thus we conclude the trial court did

not abuse its discretion in denying appellants' motion for class certification.[1] We reject appellants' second issue.

We affirm the trial court's order.

---

1. The record also indicates that appellants did not present a proposed trial plan in connection with their motion for class certification. The supreme court has consistently affirmed the necessity of a trial plan:

> [A] trial plan is required in every certification order to allow reviewing courts to assure that all requirements for certification under Rule 42 have been satisfied. The formulation of a trial plan assures that a trial court has fulfilled its obligation to rigorously analyze all certification prerequisites, and " 'understand[s] the claims, defenses, relevant facts, and applicable sub-

stantive law in order to make a meaningful determination of the certification issues.' " *Bernal,* 22 S.W.3d at 435 (quoting [*Castano v. Am. Tobacco Co.,* 84 F.3d 734, 744 (5th Cir.1996) ] )

*State Farm Mut. Auto. Ins. Co. v. Lopez,* 156 S.W.3d 550, 556 (Tex.2004). Although the proponent of class certification is not obligated to submit a proposed trial plan, in the absence of such a plan it is difficult to conclude the trial court's refusal to certify was "legally unreasonable in light of the facts and circumstances of the case." *Vinson,* 880 S.W.2d at 824.