NUMBER 13-05-00307-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOHN RODRIGUEZ, Appellant,


v.



MEDICREDIT.COM, INC., Appellee.

 


On appeal from the 130th District Court of Matagorda County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 Appellant, John Rodriguez, brings this interlocutory appeal from the trial court's
order denying his motion for class certification. We affirm.

A. Background


 Appellant filed suit against appellee, Medicredit.com, Inc., alleging that Medicredit's
written attempts to collect a debt from him were in violation of Chapter 392 of the Texas
Finance Code. Appellant sought an injunction, penalties, damages, and attorneys fees. 
Appellant also alleged identical causes of action on behalf of two potential classes. After
a hearing, the trial court denied appellant's motion for class certification. Appellant
challenges the trial court's action in two issues.

B. Jurisdiction


 In his first issue, appellant contends that we do not have jurisdiction over this appeal
because the trial court's order does not comply with the requirements of Texas Rule of Civil
Procedure 42. See Tex. R. Civ. P. 42(c)(1)(D).

 For a class action to be maintainable, the party seeking certification must show that
the action satisfies the four threshold requirements set out in rule 42(a) and also meets one
of the three requirements listed in rule 42(b). See Tex. R. Civ. P. 42(a), (b); Southwestern
Ref. Co. v. Bernal, 22 S.W.3d 425, 433 (Tex. 2000). The trial court's order denying
certification states in its entirety: "John Rodriguez's application for class certification is
DENIED."

 Appellant contends the trial court was required to include in its order the certain
findings and explanations required by rule 42(c)(1)(D), and that the absence of these
findings makes the trial court's order not a final order on certification from which an appeal
can be taken. See Tex. R. Civ. P. 42(c)(1)(D)(i)-(viii). We disagree.

 We note that in his petition, appellant alleged that his suit met the requirements for
class certification under both rule 42(b)(2) and rule 42(b)(3). However, the rule relied upon
by appellant in this issue, rule 42(c)(1)(D), only applies to an order granting or denying
certification under rule 42(b)(3). See Tex. R. Civ. P. 42(c)(1)(D). The order does not
specify upon which subsection of rule 42(b) the trial court relied. Thus, appellant has not
shown that the requirements of rule 42(c)(1)(D) are applicable.

 More importantly, regardless of whether rule 42(c)(1)(D) was applicable, we
conclude that any failure to fully comply with the requirements of the rule does not affect
the finality of the order or our jurisdiction. Under section 51.014(a) of the Texas Civil
Practice and Remedies Code, this Court has jurisdiction over interlocutory appeals of
district court orders that certify or refuse to certify a class in a suit brought under rule 42
of the Texas Rules of Civil Procedure. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(3) (Vernon Supp. 2006); Cent. Power & Light Co. v. City of San Juan, 962
S.W.2d 602, 607 (Tex. App.-Corpus Christi 1998, pet. dism'd w.o.j.); see also Tex. R. Civ.
P. 42(c)(1)(A) (requiring a trial court to "determine by order whether to certify the action as
a class action"). Under this statute, jurisdiction over interlocutory appeals relating to class
actions is strictly limited to orders which effectively grant or deny class certification. See
De Los Santos v. Occidental Chem. Corp., 933 S.W.2d 493, 495-96 (Tex. 1996). 
However, while there are limitations on which orders relating to class certification can
support an interlocutory appeal, we find no limitations or requirements that, in addition to
granting or denying certification, an order must contain particular additional information to
be appealable . Cf. Koch Gathering Sys., Inc. v. Harms, 946 S.W.2d 453, 455-56 (Tex.
App.-Corpus Christi 1997, writ denied) (holding that an order modifying a class's definition
is not an order certifying or refusing to certify a class from which an interlocutory appeal
will lie); Pierce Mortuary Colleges, Inc. v. Bjerke, 841 S.W.2d 878, 880-81 (Tex.
App.-Dallas 1992, writ denied) (holding that an order changing the size of a class is not
an order certifying or refusing to certify a class from which an interlocutory appeal will lie). 
Though a trial court's failure to include the findings and explanations required by rule 42
may constitute an abuse of discretion, appellant does not cite any authority, nor do we find
any, that such a failure precludes the order from being considered final so that an
interlocutory appeal cannot be taken. 

 We conclude that because the order issued by the trial court effectively denies class
certification, we have jurisdiction under section 51.014(a) of the civil practice and remedies
code to consider this appeal. Appellant's first issue is overruled.

C. Class Certification


 In his second issue, appellant contends the trial court abused its discretion in
denying class certification because the evidence shows as a matter of law that the
requirements for certification have been met.

 The decision to grant or deny class certification is within the discretion of the trial
court, and we will not reverse the trial court's decision unless an abuse of that discretion
is evident from the record. Bernal, 22 S.W.3d at 439; Gen. Motors v. Bloyed, 916 S.W.2d
949, 955 (Tex. 1996); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985); Nissan Motor Co. v. Fry, 27 S.W.3d 573, 580 (Tex. App.-Corpus Christi 2000, pet.
denied). A trial court abuses its discretion only if the record (1) clearly shows that the trial
court misapplied the law to the established facts, (2) does not reasonably support the
ruling, or (3) shows that the trial court acted arbitrarily or unreasonably. Wall v. Parkway
Chevrolet, Inc., 176 S.W.3d 98, 104 (Tex. App.-Houston [1st Dist.] 2004, no pet.); Sun
Coast Res. v. Cooper, 967 S.W.2d 525, 529 (Tex. App.-Houston [1st Dist.] 1998, pet.
dism'd w.o.j.). Compliance with the requirements of rule 42 must be demonstrated and not
merely presumed; thus, we do not indulge every presumption to err in favor of certification. 
See Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 691 (Tex. 2002); Bernal, 22 S.W.3d
at 434-35; Philadelphia Am. Life Ins. v. Turner, 131 S.W.3d 576, 585 (Tex. App.-Fort
Worth 2004, no pet.). However, where the order issued by the trial court does not contain
any findings of fact or conclusions of law, as here, all questions of fact are presumed found
in support of the judgment, and we will uphold the judgment of the trial court on any legal
theory supported by the pleadings and the evidence. Wall, 176 S.W.3d at 104 (citing Grant
v. Austin Bridge Const. Co., 725 S.W.2d 366, 369 (Tex. App.-Houston 1987, no pet.)).

 It is important to note that "there is no right to litigate a claim as a class action.
Rather, rule 42 provides only that the court may certify a class action if the plaintiff satisfies
the requirements of the rule." Bernal, 22 S.W.3d at 439 (emphasis added); see Vincent
v. Bank of Am., N.A., 109 S.W.3d 856, 864 (Tex. App.-Dallas 2003, pet. denied); Vinson
v. Tex. Commerce Bank-Houston N.A., 880 S.W.2d 820, 825 (Tex. App.-Dallas 1994, no
writ). Even in circumstances where the granting of certification may have been proper,
denial of certification is not necessarily an abuse of discretion. Doran v. ClubCorp USA,
Inc., 174 S.W.3d 883, 888 (Tex. App.-Dallas 2005, no pet.). For denial of class
certification to be an abuse of discretion, an appellant bears the formidable burden of
showing that "the evidence negates any valid rationale by which the trial court could have
denied class certification." Vincent, 109 S.W.3d at 864; Doran, 174 S.W.3d at 888. 

 In this case, appellant has not made such a showing. In arguing that the trial court
erred in denying his motion for class certification, appellant asserts only that he "supplied
the trial court with all the materials and reasoning with which to support" findings in favor
of certification. He does not elaborate on what evidence was provided nor explain how the
evidence supported such findings in favor of certification. Moreover, whereas appellee
highlighted, with references to the record and supporting authority, several possible
grounds upon which the trial court may have denied certification, appellant does not
attempt to argue either in his main brief or in his reply brief why his evidence might negate
these reasons for denying certification. We decline to scour the record to formulate such
an argument for him. See Tex. R. App. P. 38.1(h). Accordingly, we conclude that appellant
has failed to meet his burden on this issue by showing that the trial court's order was
legally unreasonable. Appellant's second issue is overruled.

 The trial court's order is affirmed. 



 FEDERICO G. HINOJOSA

 Justice



Memorandum Opinion delivered and filed this

the 31st day of August, 2006.