**EUROPA INTERNATIONAL, LTD., Appellant,**

v.

**DIRECT ACCESS TRADER CORP. f/k/a InvestIN.Com Corp. and Laurence D. Briggs, Appellees.**

No. 05–08–00771–CV.

Court of Appeals of Texas, Dallas.

June 16, 2010.

Richard B. Schiro, Law Offices of Richard B. Schiro, Dallas, TX, for Appellant.

Laurence Briggs, Dallas, TX, for Appellees.

Before Justices O'NEILL, LANG, and MYERS.

## OPINION

Opinion By Justice O'NEILL.

Appellant Europa International, Ltd. appeals the trial court's order denying its application for a turnover order. We reverse and render.

### Background

Europa filed its original petition against appellees Direct Access Trader Corp. f/k/a InvestIN.com and Laurence D. Briggs in 1999 seeking damages for breach of a loan agreement. The trial court granted Euro-

pa's traditional and no-evidence motions for summary judgment in December 2006. On March 29, 2007, the trial court signed a final judgment against appellees, jointly and severally, in the amount of $407, 893.08. Appellees appealed the final judgment in *InvestIN.com Corp. v. Europa International Ltd.*, 293 S.W.3d 819 (Tex. App.-Dallas 2009, pet. denied). This court affirmed the summary judgments against InvestIN.com Corp. but reversed and rendered a take nothing judgment against Briggs. *Id.*

During appeal of the underlying case, appellant attempted to collect on the judgment. On February 15, 2008, the associate judge for the 95th Judicial District Court signed an order granting appellant's motion for ex parte turnover. On February 22, 2008, appellees filed a motion to transfer the case to County Court at Law No. 2[1] and their notice of appeal of the February 15, 2008 order. The case was transferred to County Court at Law No. 2. After a hearing, the trial court signed an order setting aside the February 15, 2008 order.

Appellant filed its request for findings of facts and conclusions of law and its notice of past due findings of fact and conclusions of law. In a letter, the trial court refused to enter findings and conclusions because it did not believe denial of a turnover order required them.

On appeal, appellant argues (1) the trial court abused its discretion by refusing to grant its application for turnover against Direct Access Trader Corp.; (2) the trial court abused its discretion by refusing to grant its application for turnover against Briggs; and (3) the trial court erred by

---

1. County Court at Law No. 2 heard and decided the original summary judgment motions.

refusing to file findings of fact and conclusions of law.

We determined findings of fact and conclusions of law were necessary to disposition of the appeal. We abated the appeal and ordered the trial court to issue findings and conclusions as to Direct Access Trader Corp.[2] The court filed its findings and conclusions on April 6, 2010. Appellant then filed a supplemental brief challenging the court's findings and conclusions denying its application for turnover.

## Standard of Review and Applicable Law

We review turnover orders under an abuse of discretion. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 321 (Tex.App.-Dallas 1997, writ denied). We reverse only if the trial court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). Our review is not limited to the sufficiency of the evidence supporting the trial court's findings of fact or the specific legal conclusions reached. *Doran v. ClubCorp USA, Inc.,* 174 S.W.3d 883, 887 (Tex.App.-Dallas 2005, no pet.). As a result, we do not review the trial court's findings and conclusions separately from our analysis of whether the court abused its discretion, but will consider the sufficiency of the evidence as a factor in that determination. *Id.*

The turnover statute is a purely procedural device by which creditors may reach nonexempt assets of debtors that are otherwise difficult to attach or levy on by ordinary legal process. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(a) (Vernon 2008); *Burns,* 948 S.W.2d at 321. Under the statute, a judgment creditor can apply to a court for an injunction or other means to satisfy a judgment through a judgment debtor's property, including present or future property rights. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(a).

Property may be subject to a turnover order if it meets three elements. First, the judgment debtor owns the property. Second, the property must be property a creditor cannot readily attach or levy on by ordinary legal process. And third, the property must not be exempt from attachment, execution, or seizure for the satisfaction of the liabilities. *Id.*

■ Once a judgment creditor proves a judgment debtor owns property, it is the judgment debtor's burden to prove that the property is exempt from attachment. *Pillitteri v. Brown,* 165 S.W.3d 715, 722–23 (Tex.App.-Dallas 2004, no pet.).

## Discussion

■ At a hearing, Briggs testified Direct Access Trader Corp. owned one hundred percent of the stock in InvestIn Securities Corp. He admitted there is "stock responsive to the turnover order." He further stated InvestIn Securities Corp. is a separate corporation from Direct Access Trader Corp. with separate books and records. Based on this testimony, appellant established appellee, as the judgment debtor, owns property. The burden then shifted to appellee to prove the property is exempt from attachment. This it failed to do. Appellee presented no evidence during the hearing or in any other filing to the court to establish an exemption. To the contrary, Briggs agreed the stock at issue did not meet any of the criteria for exemption under the property code. *See* TEX. PROP.CODE ANN. § 42.001(a), (b) (Vernon)

---

**2.** Because this court concluded Briggs was not liable in the underlying case, appellant's argument against him is moot.

(describing property exempt from garnishment, attachment, execution, or other seizure).

Further, Briggs testified he was unwilling to turn over the stock and admitted he had made no efforts to pay any of the judgment or post a bond; therefore, the property "cannot readily be attached or levied on by ordinary legal process." TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(a)(1); *see Hennigan v. Hennigan,* 666 S.W.2d 322, 324 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.) (concluding property could not be readily attached when party testified he would not voluntarily pay the judgment). At a previous hearing, appellee argued it did not possess the shares of stock but rather they were held by a lienholder. This is further evidence the property cannot be readily attached by ordinary legal process. *See Childre v. Great Sw. Life Ins. Co.,* 700 S.W.2d 284, 288 (Tex.App.-Dallas 1985, no writ) (evidence that corporate stock was in the hands of third parties was sufficient to support finding stock could not readily be attached); *see also Suttles v. Vestin Realty Mort. I, Inc.,* 317 S.W.3d 412, 416 (Tex.App.-Houston [1st Dist.] 2010, no pet.) (property that cannot be readily attached or levied on by ordinary legal process includes property such as shares of stock).

Thus, the evidence shows appellee owns property that cannot be readily attached or levied on by ordinary legal process and is not exempt from attachment. Appellee provided no evidence to the contrary. As such, the evidence is insufficient to support the trial court's findings that ordering appellee to deliver its corporate documents and paperwork would not result in identifying any assets subject to turnover, and

turnover is an extraordinary remedy with potential for error or abuse of property.[3] The evidence is likewise insufficient to support the court's conclusion of law that appellant failed to sustain its burden of proof for issuance of a turnover order. Thus, the trial court abused its discretion in denying appellant's application for a turnover order. We sustain appellant's sole issue.

### Conclusion

We reverse the trial court's June 10, 2008 order and render judgment in favor of appellant.

---

3. The trial court overlooks the fact that the turnover statute specifically allows for the turnover of corporate documents and other papers. *See* TEX. CIV. PRAC & REM.CODE ANN.

§ 31.002(b) (court may order judgment debtor to turn over nonexempt property in its control, together with all documents or records related to the property).