Opinion filed August 11, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00207-CV

_____

## GILBERT MATA, INDIVIDUALLY AND D/B/A AFFORDABLE CONSTRUCTION CONTRACTORS, Appellant

## V.

## ROBERT H. ELLIS AND SHIRLEY D. ELLIS, Appellees

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-127,231**

### M E M O R A N D U M   O P I N I O N

In November 2012, the trial court entered a summary judgment under the Deceptive Trade Practices and Consumer Protection Act (DTPA) against Appellant and in favor of Appellees for $495,000 in connection with a construction project Appellant was to perform for Appellees. On January 29, 2014, after Appellant did not pay the November 2012 judgment, Appellees applied for a turnover order. The

trial court heard the application on May 5, 2014, and entered a turnover order. This appeal is from that turnover order. We affirm.

From the inception of this case, Appellant acted as his own lawyer. Finally, after entry of the turnover order, Appellant hired a lawyer to file a motion for new trial in connection with the turnover order; that same retained counsel also represents Appellant in this appeal.

Appellant presents us with this single, multifaceted issue on appeal: "The trial court abused its discretion by issuing a turnover order when there was no evidence that [Appellant] owned any non-exempt property that could not be readily attached or levied on by ordinary legal process. Alternatively, the trial court erred by ordering [Appellant] to turn over exempt property."

The legislature provided for turnover orders in Section 31.002 of the Texas Civil Practice and Remedies Code. That section provides in relevant part:

> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
> (1) cannot readily be attached or levied on by ordinary legal process; and
>
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
>
> . . . .
>
> (h) A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2015).

We will review a turnover order for an abuse of discretion and will reverse only when a trial court has acted in a manner that is unreasonable, arbitrary, or without regard to guiding principles. *Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656–57 (Tex. App.—Dallas 2010, no pet.). If, for any reason, the judgment is sustainable, there is no abuse of discretion even though the trial court based the order upon an incorrect theory. *Guaranty Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986).

We will first address the claim by Appellant that Appellees "fail[ed] to negate the exempt status of [Appellant's] property." After a judgment creditor proves that a judgment debtor owns property, it is the burden of the judgment debtor to prove that the property is exempt from execution or other seizure. *Europa Int'l*, 315 S.W.3d at 656. Thus, it was Appellant's burden to establish the exempt status of the property.

Section 42.002(a)(4) of the Texas Property Code provides that "tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession" are exempt from garnishment, attachment, execution, or other seizure. TEX. PROP. CODE ANN. § 42.002(a)(4) (West 2014).

Appellant basically complains that the turnover order was improper because the trial court required that Appellant turn over "all tools and equipment associated with [Mata's] former construction business, including drills, screw guns, hand tools, circular saws, router, table saw, compressors, hopper to use with compressor, ladders, scaffolds, and reciprocating saw," contrary to Section 42.002(a)(4). Appellant maintains that the trial court erred for the same reason when it ordered Mata to turn over "all trailers, including the following: the 16' utility trailer, 20' gooseneck trailer, cargo trailer, and 20' flatbed trailer owned by [Mata]." Appellant does not contest any other property referenced in the order.

3

When we determine whether property is exempt, we utilize a "use" test. *Goffney v. Prime Bank*, No. 14-01-00037-CV, 2002 WL 122155, *4 (Tex. App.—Houston [14th Dist.] Jan. 31, 2002, no pet.) (not designated for publication). First, we determine whether the property is necessary to the debtor's trade, and then we consider whether such property is used with sufficient regularity for such purpose to indicate actual use by the debtor.

Although Appellant made various unsworn statements to the trial court during the course of this proceeding, he has yet to present any sworn testimony or provide any evidence regarding the exempt status of any property listed in the turnover order. Appellees did introduce certain portions of Appellant's deposition into evidence at the hearing on the motion to compel and the motion for a turnover order. That deposition testimony does not establish that any of the property shown in the turnover order was exempt property. In those portions of Mata's deposition, he admitted that he had not used the property in the construction business for some time and that he would only take another construction job if it were not too hard. Appellant has not met his burden to show that the property set out above was exempt under Section 42.002(a)(4).

Appellant also argues that there is no proof that the property could not readily be attached or levied on by ordinary legal process. But Appellant has maintained that the subject property is exempt from forced sale. If, upon attempted attachment or levy, Appellant asserts that the property is exempt from forced sale, "it certainly could not readily be attached or levied on by ordinary legal process." *Pace v. McEwen*, 617 S.W.2d 816, 819 (Tex. Civ. App.—Houston [14th Dist] 1981, no writ). Although *Pace* involved the predecessor statute to Section 31.002, the court there observed that a debtor should not be allowed, in a turnover proceeding, to insist on a sale under a writ of execution, the validity of which would undoubtedly be strongly contested by the debtor at the time of the attempted execution. *Id.*

4

Appellant has failed to establish that the property that is the subject of the turnover order is exempt from execution. Further, in the face of Appellant's claim that the property is exempt from execution, it could not, in the first instance, readily be attached or levied on by ordinary legal process. Therefore, we overrule Appellant's sole issue on appeal.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 11, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.