YVONNE T. RODRIGUEZ, Justice
Appellants, Linda S. Restrepo and Carlos E. Restrepo d/b/a Collectively RDI Global Services and R & D International, appeal from a turnover order.[1] We affirm.
FACTUAL SUMMARY
Following a jury trial, the trial court entered judgment against Appellants in the total amount of $125,775.00. Appellants filed notice of appeal, but they did not supersede the judgment.[2] On February 8, 2016, the trial court entered a turnover order. The order provided as follows:
IT IS, THEREFORE, ORDERED that LINDA S. RESTREPO and CARLOS E. RESTREPO transfer ownership to the Sheriff of El Paso County, Texas, the domain name www.allianceriggersandconstructors.com on or before February 18, 2016 for execution as ordered herein. In connection with the foregoing, LINDA S. RESTREPO and CARLOS E. RESTREPO are ordered to execute any and all documents necessary to transfer ownership of the domain name as ordered.
Additionally, Defendants are ORDERED to deliver to Sheriff of El Paso County, Texas by February 18, 2016, for execution as ordered herein, all photographs and videos that contain the name Alliance Riggers & Constructors or depict equipment with that name. In connection with foregoing, LINDA S. RESTREPO and CARLOS E. RESTREPO
*757 shall execute any all forms reasonably necessary to transfer ownership as well as intellectual property to the foregoing to the Sheriff of El Paso County, Texas.
IT IS FURTHER ORDERED that the Sheriff of El Paso County, Texas take ownership of the property ordered to be delivered to him, levy on such property as under writ of execution, and after giving notice of sale, sell the property at public auction to the highest bidder for cash, applying the proceeds of the sale to payment of the expenses of sale and court costs, with the balance paid over to ALLIANCE RIGGERS & CONSTRUCTORS, LTD for crediting on the judgment of this court dated November 18, 2015. In so doing, the Sheriff shall perform all duties and procedures as required by the Texas Rules of Civil Procedure for sale under writ of execution.
Appellants filed notice of appeal from the turnover order.
COLLATERAL ATTACK ON JUDGMENT
In Issues Two and Three, Appellants attack the judgment awarding damages to Alliance Riggers by asserting that the evidence is legally and factually insufficient to support the jury's verdict and by raising complaints of alleged trial error. Appellants filed notice of appeal from that judgment, and they raised many, if not all of these arguments in that appeal. On this same date, we issued an opinion and judgment overruling Appellants' issues and affirming the judgment of the trial court. Linda S. Restrepo and Carlos E. Restrepo d/b/a Collectively RDI Global Services and R&D International v. Alliance Riggers and Constructors, Ltd. , No. 08-15-00348-CV, 538 S.W.3d 724, 2017 WL 4216249 (Tex. App.-El Paso September 20, 2017). Appellants' arguments challenging the merits of the judgment awarding damages to Alliance Riggers are an improper collateral attack. See Gonzales v. Dallas County Appraisal District , No. 05-16-00215-CV, 2017 WL 1684667, at *2 (Tex.App.-Dallas May 3, 2017, no pet.h.) (mem. op.), citing Browning v. Prostok , 165 S.W.3d 336, 346 (Tex. 2005) (defining collateral attack). Only void judgments are subject to collateral attack. Browning , 165 S.W.3d at 346. A judgment is void only if the trial court rendering a judgment lacks jurisdiction over the parties or property, lacks jurisdiction of the subject matter, has no jurisdiction to enter the specific judgment, or has no capacity to act. See Gonzales , 2017 WL 1684667, at *2. Even if the issues raised by Appellants had merit, none of them demonstrate that the judgment is void. Issues Two and Three are overruled.
EXEMPT PROPERTY
In Issue One, Appellants contend that the turnover order should be reversed because the domain name, allianceriggersandconstructors.com, is exempt personal property under Title 42 of the Texas Property Code and it is protected by federal copyright law. In this same issue, Appellants raise the following sub-issues: (1) the trial court deprived them of their rights under the First, Fifth, and Fourteenth Amendments by entering the nunc pro tunc judgment; (2) the Texas Debt Collection Law and the Federal Fair Debt Collection Practices Act were violated; and (3) the judgment awarding damages to Alliance Riggers should be reversed because the jury charge was erroneous.
Collateral Attack on the Judgment
Appellants argue that the judgment should be reversed because of alleged errors in the jury charge. Further, they assert that the trial court's entry of the nunc pro tunc judgment violated federal copyright law and Appellants' constitutional *758 rights guaranteed by the First, Fifth and Fourteenth Amendments. Finally, they argue that the turnover order violates "the Texas Debt Collection Law and the Federal Fair Debt Collection Practices Act" because Alliance Riggers should not have been granted judgment against them. In the latter issue, Appellants raise several issues which are presented in their brief in cause number 08-15-00348-CV. As was the case with the arguments raised in Issues Two and Three, these sub-issues are an impermissible collateral attack on the judgment. See Gonzales , 2017 WL 1684667, at *2. Even if we assume the sub-issues have merit, the judgment of the trial court would not be rendered void.
Applicable Law and Standard of Review
Section 31.002(a) of the Civil Practice and Remedies Code provides: "A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX.CIV.PRAC. & REM.CODE ANN . § 31.002(a) (West 2015). "The turnover statute is a purely procedural device by which creditors may reach nonexempt assets of debtors that are otherwise difficult to attach or levy on by ordinary legal process." Europa International, Ltd. v. Direct Access Trader Corp. , 315 S.W.3d 654, 656 (Tex.App.-Dallas 2010, no pet.). Once a judgment creditor proves a judgment debtor owns property, it is the judgment debtor's burden to prove that the property is exempt from attachment. Europa International , 315 S.W.3d at 656.
A turnover order is reviewed for an abuse of discretion standard. Beaumont Bank, N.A. v. Buller , 806 S.W.2d 223, 226 (Tex. 1991) ; Beeler v. Fuqua , 351 S.W.3d 428, 432 (Tex.App.-El Paso 2011, pet. denied). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. Beaumont Bank , 806 S.W.2d at 226.
Variance Between Turnover Order and Judgment
Appellants first argue that the turnover order is inconsistent with the judgment signed by the trial court on November 18, 2015 which enjoined Appellants from "any and all use of the name 'ALLIANCE RIGGERS AND CONSTRUCTION' " as well as Alliance Riggers' logo. Alliance Riggers requested, and the trial court granted, an order requiring Appellants to turnover the domain name, "allianceriggersandconstructors.com." Appellants' assert that the turnover order varies with the November 18, 2015 judgment because the judgment refers to the name "Alliance Riggers and Constructions" rather than "Alliance Riggers and Constructors." Appellants' argument does not take into account that the trial court entered a judgment nunc pro tunc which expressly prohibited Appellants from using the name, "Alliance Riggers and Constructors." This issue is without merit because the turnover order does not vary from the judgment nunc pro tunc.
Exempt Personal Property
Appellants next contend that the turnover order is erroneous because the domain name "allianceriggersandconstructors.com" is exempt personal property under Section 42.002 of the Texas Property. Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if certain conditions are met. See TEX.PROP.CODE ANN. § 42.001(a) (West Supp. 2016). A domain name is not included in the list of items designated by Section 42.002 as exempt *759 personal property. See TEX.PROP.CODE ANN. § 42.002 (West 2014). We understand Appellants to argue, however, that it falls under Section 42.002(a)(4) which provides that the following items are exempt: "tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession." See TEX.PROP.CODE ANN. § 42.002(a)(4). A domain name is not a tool, nor is it a piece of equipment, a book, or apparatus. Appellants have not cited, and we are unable to find any authority holding that a domain name is exempt personal property under any other portion of Section 42.002.
Appellants also assert that the domain name is exempt personal property under Section 522 of the Bankruptcy Code. See 11 U.S.C.A. § 522 (West 2016 & Supp. 2017). Appellants have not presented any record citations, argument, or authority in support of their claim that the domain name is exempt personal property under the Bankruptcy Code.[3] This argument is waived because it is inadequately briefed. See TEX.R.APP.P. 38.1(i) ; Fredonia State Bank v. General American Life Insurance Company , 881 S.W.2d 279, 284 (Tex. 1994). Issue One is overruled. Having overruled the issues presented, we affirm the turnover order.

Ms. Restrepo was represented by counsel at trial while Mr. Restrepo was pro se. On appeal, Appellants are pro se.

The appeal from the judgment was assigned cause number 08-15-00348-CV and it is styled Linda S. Restrepo and Carlos E. Restrepo d/b/a Collectively RDI Global Services and R&D International v. Alliance Riggers and Constructors, Ltd.

Appellants' brief includes a single sentence stating their argument based on 11 U.S.C.A. § 522 : "The lower Court erred in issuing a Turnover Order on property which the Appellants exercised their Constitutional Right to claim as statutory exempt under Texas Property Code, Exempt Property, Sec. 42.002.(a), and 11 U.S. Code § 522 -Exemptions under Federal Law."