

# NUMBER 13-25-00190-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF E.S. AND K.S., CHILDREN

## ON APPEAL FROM THE 425TH DISTRICT COURT
## OF WILLIAMSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Laura Schneider (Mother) appeals the denial of a motion for contempt and the trial court's clarification order in a suit affecting the parent-child relationship (SAPCR) between herself and her ex-husband appellee Frank Schneider (Father). Mother's four issues on appeal all relate to her claim that Father failed to comply with the original order's mandate for him to produce their children's baby photos. We lack jurisdiction to review denial of a motion for contempt on appeal and, therefore, dismiss that part of the appeal for lack of jurisdiction. However, we determine that the trial court

abused its discretion when entering the clarification order because the order constituted an impermissible substantive change to appellee's obligations and we therefore reverse the clarification order and render judgment.[1]

## I.  BACKGROUND

Father and Mother have four children together. Following the parties' separation, the two eldest children lived with Mother in Colorado while the subject children, E.S. and K.S., lived with Father in Texas. Mother initiated divorce proceedings in Colorado and in June 2023 the trial court there entered a "Decree of Dissolution of Marriage" which granted divorce and adopted the living arrangements the parties' established during their separation. In December 2013, Mother learned of allegations that Father was abusive towards E.S. by throwing her to the ground, left E.S. and K.S. alone at home to go drink at a bar, and was physically abusive to the family dog. Shortly thereafter, as previously planned, Mother traveled to Texas to allow her two older children to visit with Father and to pick up E.S. and K.S. so they could spend time with Mother and their siblings in Colorado. Having learned of the allegations, Mother did not allow E.S. and K.S. to return to Texas.

On December 31, 2013, Father filed an SAPCR petition in the instant suit regarding E.S. and K.S. seeking to be named joint managing conservator with the right to determine the children's primary residence. His suit claimed Mother had abducted the children to Colorado. Throughout the suit, the parties litigated over who should determine the primary

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

residence of the children and who should be the primary caregiver, as well as which state's court should have jurisdiction. Mother sought to stay the Texas proceedings pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) on the basis that the Colorado court was already resolving the matters at issue in the Texas suit. *See* TEX. FAM. CODE § 152.307. Conversely, Father sought for the Colorado court to transfer the case to Texas.

A trial ultimately occurred in Texas resulting in an order being entered on June 17, 2016. The order appointed Mother as sole managing conservator and Father as possessory conservator. Of note, the order also required Father to:

> provide Mother with an electronic copy of all photographs made of the children of this relationship from November 1, 2002 through October 1, 2011, within 2 weeks of the date of the Order to which this Modified Possession Order is attached.
>
> The electronic copies of the photographs shall be copied to a storage device provided by Mother, and delivered via FedEx courier services in a pre-paid packaging provided by Mother.

After more than eight years, on September 23, 2024[2], Mother filed a motion for enforcement of possession and access alleging Father had failed to produce electronic copies of photographs in compliance with the June 2016 order despite numerous requests over the years. Her motion detailed the manner of the requests and Father's intentional refusals to comply. Mother requested for the trial court to hold Father in contempt for failure to comply and, in the alternative, asked for a clarifying order to give Father notice of the duties imposed by the June 17, 2016 order as it concerned the production of photographs. Father filed a responsive pleading claiming res judicata as an

---

[2] Mother first filed a motion for enforcement on July 1, 2024. However, the trial court subsequently signed an order of dismissal based on want of prosecution. Thus, Mother filed another motion for enforcement on September 23, 2024, to seek her desired unaddressed relief.

affirmative defense.

The trial court held a hearing on the motion on December 10, 2024, wherein Father argued that the details of compliance with the above provision were not specific enough to be enforced by contempt. Mother responded that Father's actions demonstrated an understanding of the order and an intentional disregard for its requirements. The trial court entered a clarification order directing Father to produce electronic copies of all photos in his possession taken of K.S. and E.S. between the same period as the original order, to be delivered by January 15, 2025, to Mother's Colorado address.

Following the order, Mother filed another motion for clarification and correction arguing the trial court accidentally omitted photos of the two eldest children from the scope of the clarification order. Mother also moved for entry of findings of fact and conclusions of law regarding the clarification order. Additionally, on January 2, 2025, she filed a motion for new trial arguing that the June 17, 2016 order was clear and enforceable, that removal of the two eldest children from the scope of obligation to produce photographs did not conflict with Colorado's jurisdiction, that it was in the children's best interest for her to have baby photos of all four children, and that the clarification order improperly materially altered the substantive rights of the parties.

This appeal followed. The motion for new trial was overruled by operation of law on March 18, 2025. After briefing began, the trial court entered findings of fact and conclusions of law on April 28, 2025. In its findings, the trial court stated the original order was not specific enough to be enforced because it lacked "command" language, did not specify which children were subject to the order, and did not provide a delivery address for the photographs. The trial court also denied the motion for contempt and held that the

4

clarification did not constitute any substantive change to the original June 17, 2016 order.

## II. ENFORCEABILITY OF 2016 ORDER

In her first issue, Mother contends the trial court erred by finding the 2016 order was not specific enough to be enforced by contempt. Instead, she argues the order was sufficiently clear and unambiguous and, accordingly, that Father should have been held in contempt for failure to comply.

However, there is no appellate jurisdiction to review denial of contempt motions by direct appeal. *See In re S.R.O.*, 143 S.W.3d 237, 248 (Tex. App.—Waco 2004, no pet.); *see also Dorsey v. Hou. Hous. Auth.*, Nos. 14-10-00165-CV, 14-10-00251-CV, 2011 WL 398022, at *3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, no pet.) (mem. op.) ("However, a court of appeals lacks jurisdiction to consider on direct appeal a trial court's contempt order, including a refusal to hold a party in contempt, because such an order is not a final, appealable judgment."). This is true even when the contempt motion is appealed alongside an otherwise appealable judgment. *See In re Off. of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding); *see also Dorsey*, 2011 WL 398022, at *3. This is because contempt proceedings "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *In re Off. of Atty. Gen.*, 215 S.W.3d at 915–16 (citing *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied)). Mandamus proceedings have been suggested as the only potential remedy following denial of a motion for contempt. *See Blair v. Blair*, 408 S.W.2d 257, 258 (Tex. App.—Dallas 1966, no writ).

No mandamus was filed in this matter as Mother has appealed the contempt proceedings as a direct appeal. Accordingly, we lack jurisdiction and overrule Mother's first issue.

### III.    MISAPPLICATION OF JURISDICTION

In her second issue, Mother argues the trial court's conclusion of law that the 2016 order was not enforceable because it did not specify which children were subject to the order was in error because she assumedly states the trial court was confused about personal jurisdiction. However, nowhere in the trial court's findings of fact or conclusions of law does the trial court make any finding regarding personal jurisdiction or lack thereof. Therefore, we disregard all of Mother's arguments regarding personal jurisdiction as irrelevant.

Further, to the extent Mother is attempting to independently appeal the trial court's findings of fact and conclusions of law, it is improper. These findings and conclusions are merely helpful in aiding the appellate court to determine whether the trial court "exercised its discretion in a reasonable and principled fashion." *See Doran v. ClubCorp USA, Inc.*, 174 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.). We do not review the findings and conclusions "separately from our analysis of whether the court abused its discretion" in the underlying matter, here, whether the trial court's clarification order was improper. *See id.* Because the issue of whether the trial court abused its discretion in determining that the 2016 order was vague when it issued its clarification order is also implicated by Mother's third issue, we will resolve the remainder of the second issue below.

### IV.    MATERIAL MODIFICATION

In Mother's third issue, she argues that the trial court exceeded its authority by

6

issuing a clarifying order that substantively changed the 2016 order. The question of whether the trial court exceeded its authority turns in part on whether the phrase in the original order "all photographs made of the children of this relationship" necessarily implicates photos of the two elder children or is too vague to specifically involve those children; therefore, we resolve issue two here as well.

"We review a trial court's clarifying order for an abuse of discretion." *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied). "A clarification order is an enforcement order, and a trial court has broad discretion in enforcing its judgments." *Karigan v. Karigan*, 239 S.W.3d 436, 439 (Tex. App.—Dallas 2007, no pet.). The trial court can clarify "an order rendered by the court in a [SAPCR] if the court finds . . . that the order is not specific enough to be enforced by contempt." TEX. FAM. CODE § 157.421 (a); *see also In re R.Y.C.*, No. 05-21-00837-CV, 2022 WL 3054101, at *2 (Tex. App.—Dallas Aug. 3, 2022, no pet.) (mem. op.).

However, "[a] substantive change made by a clarification order is not enforceable." TEX. FAM. CODE § 157.423. While the Texas Family Code does not define "substantive change," Texas courts of appeals have looked at the caselaw regarding impermissible substantive changes in judgments nunc pro tunc for guidance. *See In re Marriage of Ward*, 137 S.W.3d 910, 913 n.4, 913–16 (Tex. App.—Texarkana 2004, no pet.); *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.); *see also In re R.Y.C.*, 2022 WL 3054101, at *2; *In re D.N.P.*, No. 05-19-01083-CV, 2021 WL 790896, at *3 (Tex. App—Dallas Mar. 2, 2021, no pet.) (mem. op.). A clarification order makes a substantive change and is thus impermissible if it removes an obligation previously imposed on a party. *See In re V.M.P.*, 185 S.W.3d 531, 534 (Tex. App.—Texarkana 2006, no pet.).

The question of whether the clarifying order made a substantive change inherently involves determination of whether the language "children of the relationship" was specific enough to be enforceable by contempt. If it was not specific enough, then it was not a substantive change because it would not remove an obligation previously imposed upon appellee. *See id.* Thus, we apply the standards regarding whether language is specific enough to be enforceable by contempt.

"To be enforceable by contempt, an order must set out the terms of compliance in clear and unambiguous terms." *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009). This must include decretal command language that makes it clear that a party is under order to perform an action. *Id.* at 419–20. To avoid ambiguity, an order must "set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *In re Roisman*, 651 S.W.3d 419, 438 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (quoting *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995)). Interpretation of the order cannot rest on implication or conjecture and must be complete within the four corners of the judgment. *Id.*; *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding).

The trial court concluded that the order "is not specific enough" because it did not (1) specify which children were subject to the order, (2) provide a delivery address for the photographs, or (3) have adequate command language. Based on our review of the order language and the record, we disagree with the trial court in each respect and do not find the 2016 order language ambiguous or unenforceable.

As to which children were subject to the order, the order specifically describes the

8

children as "children of this relationship" and specifies a date range of photos as well. While not as specific as designating the children by name, this language sets forth Father's parameters of compliance in terms that are readily understandable and no conjecture is required to interpret the meaning of that phrase. *See In re Coppock*, 277 S.W.3d at 418; *In re Roisman*, 651 S.W.3d at 438. "[C]hildren of this relationship" plainly means any child born out of the relationship between Mother and Father. The record demonstrates without any confusion or guesswork that there were four children born from the relationship. That only two children were subjects of the suit does not change the plain and ordinary meaning of the terms used in the 2016 order. Moreover, the fact that the order adds a specific date range of creation for the photos to be produced only further adds to the requisite specificity. *See In re Coppock*, 277 S.W.3d at 418; *In re Roisman*, 651 S.W.3d at 438. The language on its face required appellee to produce an electronic copy of all photos of all four children made between the date range. There is no ambiguity alleged on Father's part in the record as to which children were meant and the record demonstrates that he seemed to understand that all four children were within the scope of the 2016 order's language.

As to lacking a delivery address, we likewise find there is no ambiguity as to how Father was to provide photos to Mother. *See In re Coppock*, 277 S.W.3d at 418; *In re Roisman*, 651 S.W.3d at 438. The 2016 order spells out in detail that Mother would provide prepaid mailing packaging from a specific company to Father. The record indicates that Mother provided the prepaid mailing with her address on it. Per the 2016 order, all Father had to do was place a storage device with specific photos on it into the prepaid mail packaging and mail it. There is no ambiguity as to what Father had to do to

9

provide the photos to Mother, and though not raised by the trial court or Father, there is also no vagueness as to the timeframe of compliance. Father had two weeks from the date that the 2016 order was entered to comply with placing the storage device into prepaid mailing packaging. Father did not have to engage in any conjecture as to how to get the photos to appellant. *See Ex parte Slavin*, 412 S.W.2d at 44; *In re Roisman*, 651 S.W.3d at 438.

Finally, we do not understand what command language the trial court believed to be lacking in the 2016 order that was added to the clarifying order. The 2016 order commands that Father *shall* provide Mother with the photos, and, as previously mentioned, provides a specific date range in which Father *shall* comply. There is no confusion or ambiguity in this language as to whether Father's compliance was optional. *See In re Coppock*, 277 S.W.3d at 419–20. The 2016 order commanded that Father perform within a specific timeframe, provided the exact objects (the electronic photos) that Father was to gather and send, provided an exact delivery mechanism, and provided the exact person to whom Father was to send the electronic photos. We conclude there was no potential for vagueness or confusion in the 2016 order on whether or when Father had to comply. *See In re Coppock*, 277 S.W.3d at 418; *In re Roisman*, 651 S.W.3d at 438. In sum, we find this order was specific enough to be enforceable by contempt. *See* TEX. FAM. CODE § 157.421(a); *see also In re R.Y.C.*, 2022 WL 3054101, at *2.

Because the 2016 order was enforceable by contempt, per the Family Code, a clarification order was not appropriate as it made an impermissible substantive change to the parties' obligations. *See* TEX. FAM. CODE §§ 157.421(a), 157.423. Specifically, the clarification order's alteration of the language to only refer to E.S. and K.S. changed

Father's duties under the 2016 order by removing an obligation to produce photos of the other two children. Thus, the trial court abused its discretion when it entered the clarification order, and the order is not enforceable. *See In re V.M.P.*, 185 S.W.3d at 534; TEX. FAM. CODE § 157.423.

We sustain Mother's third issue and second issue in part. As we have sustained Mother's third issue, we do not reach appellant's fourth issue. *See* TEX. R. APP. P. 47.1.

## V.    CONCLUSION

We dismiss the appeal insofar as it challenges the denial of appellant's motion for contempt because we lack jurisdiction. But because we sustained appellant's third issue and second issue in part, we reverse the trial court's clarification order and render judgment accordingly.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
15th day of January, 2026.

11