**In re Gayle E. COPPOCK.**

No. 08–0093.

Supreme Court of Texas.

Argued Dec. 10, 2008.

Decided Feb. 13, 2009.

William E. Trantham, Denton, TX, for relator.

Amie S. Peace, Coffey, Stout & Peace, L.L.P., Denton, TX, for real party in interest.

Benny Parkey, Denton, pro se.

Justice O'NEILL delivered the opinion of the Court.

■ To be enforceable by contempt, a judgment must clearly order or command a party to perform the obligations imposed and the terms for compliance must be clear and unequivocal. Because the judgment challenged in this proceeding lacks the necessary clarity, we grant the petition for writ of habeas corpus and set aside the order of contempt as void.

Raymond Coppock and Gayle Magness, formerly Gayle Coppock, divorced in October 2003. The trial court's final decree of divorce incorporated a mediated settlement agreement between the parties which, among other things, permanently enjoined them from communicating with each other "in a coarse or offensive manner." Over the next two years, Gayle communicated numerous times with Raymond via telephone and e-mail in a manner that he considered violative of the decree. Raymond filed a motion to enforce the decree, which the trial court granted. Finding eighty-four separate violations of the decree for communicating with Raymond "in a coarse or offensive manner," the trial court held Gayle in contempt and ordered that Gayle serve three consecutive sentences of 180 days imprisonment. However, the court suspended Gayle's commitment and placed her on community supervision for three years on the condition that she spend four nights in the county jail and pay $8,773.50 to Raymond's attorney. When Gayle failed to report for incarceration, the court issued a writ of capias for her arrest. The court of appeals—treating Gayle's petition for writ of habeas corpus as a petition for writ of mandamus—denied relief. We ordered Gayle released on bond pending our review of her habeas corpus petition.

■ In a habeas corpus action challenging confinement for contempt, the re-

lator bears the burden of showing that the contempt order is void. *See In re Dupree*, 118 S.W.3d 911, 914 (Tex.App.-Dallas 2003, pet. denied). An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980) (orig.proceeding). To be enforceable by contempt, an order must set out the terms of compliance in clear and unambiguous terms. *Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990) (orig.proceeding). Moreover, a person cannot be sentenced to confinement unless the order unequivocally commands that person to perform a duty or obligation. *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex.1978) (orig.proceeding).

Gayle contends the judgment providing that neither party may communicate with the other in a coarse or offensive manner is an unconstitutional prior restraint on speech, an unconstitutional content-based regulation of speech, and too vague a standard to be enforced by contempt. Raymond responds that Gayle waived her constitutional objections by failing to raise them in the trial court, and that by failing to object to the decree before judgment was rendered she waived objection to the injunction's scope. Raymond further argues that individuals may waive constitutional rights, and contends Gayle did so by agreeing to the injunction in the mediated settlement agreement that was then incorporated into the judgment.

We agree with Gayle that the injunctive provision in issue is less than clear, as what constitutes "coarse or offensive" communication, especially between warring spouses, is largely in the eye of the beholder. However, because the judgment lacks a critical component necessary to invoke the court's contempt power, we do not reach Gayle's constitutional challenges. *See In re B.L.D.*, 113 S.W.3d 340, 349

(Tex.2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."); *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex.1999) (same).[1]

■ "Civil contempt in Texas is the process by which a court exerts its judicial authority to compel obedience to some order of the court." *Ex parte Padron*, 565 S.W.2d at 924 (citing *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex.1976) (orig.proceeding)). This Court has made clear that command language is essential to create an order enforceable by contempt. *See Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979) (orig.proceeding); *Ex parte Padron*, 565 S.W.2d at 924; *see also Ex parte Duncan*, 42 Tex.Crim. 661, 62 S.W. 758, 760 (1901) (orig.proceeding) (stating the order alleged to have been disobeyed "must be in the form of a command"). Merely incorporating an agreement into the recitals of a divorce decree, without a mandate from the court, is not sufficient. *See, e.g., In re Dupree*, 118 S.W.3d at 916 (holding that a party cannot be held in contempt for failure to pay alimony when his agreement to pay was incorporated in the court's divorce decree without command language); *Ex parte Harris*, 649 S.W.2d 389, 391 (Tex.App.-Corpus Christi 1983, orig. proceeding) (holding that an agreement to pay child support that is incorporated in the parties' divorce decree is not enforceable by contempt because the decree did not order the parties to comply with the agreement). In *Ex parte Gorena*, we upheld a contempt order for failure to make agreed payments incorporated in a divorce decree. 595 S.W.2d at 843. There, the decree ordered that the payments be made. *Id.* (" 'It is decreed that Respondent (Mr. Gorena) shall pay to Petitioner (Ms. Barber). . . .' "). We distinguished *Ex parte Duncan*, 462 S.W.2d 336, 337 (Tex.Civ.App.-Houston [1st Dist.] 1970, orig. proceeding), in which there was "no language in [the decree] ordering the husband to make the installment payments." *Ex parte Gorena*, 595 S.W.2d at 845.

■ In this case, the divorce decree does not contain sufficient language to advise the parties that refraining from or engaging in the described conduct is mandatory. The judgment specifically provides:

> The Court finds that a permanent injunction of the parties should be granted
> . . . .
> The permanent injunction granted below shall be effective immediately and shall be binding on both parties. . . .
> a. Communicating with the other party in person or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

Although reciting that the injunction is "binding on both parties," the judgment does not order or mandate compliance. The order refers to a "permanent injunction granted below," and lists twenty-one different behaviors, but there is no injunctive language commanding or ordering the parties not to engage in the described conduct. A later paragraph states clearly that "GAYLE E. COPPOCK is permanently enjoined from [other described activity]," but the portion of the order concerning "coarse and offensive" communication has no similar language.

■ Moreover, the judgment itself states that the parties' agreement, as recited therein, is "enforceable as a contract."

---

1. Neither do we reach Gayle's alternative contention that the *nunc pro tunc* divorce decree is void because it substantively changed the original decree, as both decrees contain the same language that formed the basis of the trial court's contempt order.

Without decretal language making clear that a party is under order, agreements incorporated into divorce decrees are enforced only as contractual obligations. *McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984); *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370, 375 (1962) (orig.proceeding). Obligations that are merely contractual cannot be enforced by contempt. *See* TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."); *In re Green,* 221 S.W.3d 645, 648–49 (Tex.2007) (orig.proceeding).

Because the underlying judgment in this case lacks decretal language necessary for enforcement by contempt, we grant the petition for writ of habeas corpus and set aside the order of contempt.