

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00206-CV

## IN RE MARK RANDALL WALLEN

**From the 413th District Court
Johnson County, Texas
Trial Court No. D2010005128**

## MEMORANDUM OPINION

Relator, Mark Wallen, requests habeas corpus relief from the April 5, 2011 order holding him in contempt and ordering his commitment to county jail. We deny habeas corpus relief.

### BACKGROUND FACTS

Mark Wallen and Cathryn Maybin Wallen divorced in May 2010. On August 16, 2010, the trial court entered an agreed modification order. The August 16 order contained an injunction provision stating that the parties are permanently enjoined from certain actions including making disparaging remarks regarding the other party or the other party's family in the presence or within hearing of the children, hiding or secreting the children from the other party, and permitting an unrelated adult with

whom the other party has an intimate or dating relationship to remain in the same residence with the children between the hours of 8:00 p.m. and 8:00 a.m.

On March 8, 2011, the trial court signed a temporary restraining order that stated in pertinent part:

> It is therefore ordered … that [Mark] is immediately restrained from:
> Communicating with [Cathryn] in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.
> Threatening [Cathryn] in person, by telephone, or in writing to take unlawful action against any person.
> Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication.
> Disturbing the peace of the children or of another party.
> Making disparaging remarks regarding [Cathryn] or [Cathryn's family] in the presence or within the hearing of the children.
> Discussing the case with the children and/or showing the children any paperwork, emails, text messages, etc concerning the case or the children the subject of this suit.

Cathryn filed a motion for enforcement alleging, among other things, that Mark sent her text messages calling her a "bitch" and a "skank." Mark maintains that "skank" can mean either "a person and especially a woman of low or sleazy character" or a "rhythmic dance performed while swinging the arms and bending the knees…". Evidently, the trial court did not construe Mark's text message as a comment on dancing because after a hearing, the trial court found that Mark violated provisions of the August 16 order and the March 8 temporary restraining order. The trial court found thirteen violations and ordered Mark confined for ten days for each violation. The trial court ordered each period of confinement to run consecutively and stated a beginning and ending date for each period of confinement. The last period of confinement ends

on August 14, 2011. The trial court also ordered Mark to pay attorney's fees to Cathryn's attorney. The trial court further ordered that Cathryn has the exclusive right to designate the primary residence of Mark and Cathryn's son until August 14, 2011.

## STANDARD OF REVIEW

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). The presumption is that the order or judgment challenged is presumed to be valid. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In a habeas corpus action challenging confinement for contempt, the relator bears the burden of showing that the contempt order is void. *In re Coppock*, 277 S.W.3d 417, 418-19 (Tex. 2009) (orig. proceeding). An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Id*.

To be enforceable by contempt, an order must set out the terms of compliance in clear and unambiguous terms. *In re Coppock*, 277 S.W.3d at 418; *Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990) (orig. proceeding). Moreover, a person cannot be sentenced to confinement unless the order unequivocally commands that person to perform a duty or obligation. *In re Coppock*, 277 S.W.3d at 418; *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding).

## RESTRAINT ON SPEECH

Mark argues in his first issue that the order preventing the parties from communicating in a coarse or offensive manner is an unconstitutional prior restraint on

speech. An administrative or judicial order that forbids certain future communications constitutes a prior restraint on speech. *Alexander v. United States*, 509 U.S. 544, 550, 113 S. Ct. 2766, 2771, 125 L. Ed. 2d 441 (1993). None of the cases cited by Mark involve suits affecting the parent-child relationship in which the court orders parents to refrain from disparaging each other in the presence of the children. The cited cases do not address the negative effect of offensive communication between parents on their children. We do not find that the trial court's orders preventing Mark and Cathryn from communicating with each other in an offensive manner is an unconstitutional prior restraint on speech. We overrule Mark's first issue.

### VAGUE ORDERS

In his second issue on appeal, Mark argues that the orders he was found to have violated were too vague for a finding of contempt. Mark contends that the provisions are not specific enough to be enforced citing *In re Coppock* as authority. However, in *Coppock* the judgment did not order or mandate compliance. There was no injunctive language commanding or ordering the parties not to engage in the described activity. *In re Coppock*, 277 S.W.3d at 419.

The August 16 order "ordered" that the parties are permanently enjoined from engaging in the described conduct. The March 8 order "ordered" that Mark is immediately restrained from engaging in the described conduct. The orders contain sufficient language to advise the parties that refraining from or engaging in the described conduct is mandatory. *In re Coppock*, 277 S.W.3d at 419. We find that the order sets forth the terms in clear and specific terms.

Mark further contends that the language in the order is susceptible to different sensibilities and interpretations. The order underlying a contempt judgment must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed upon him. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995). If the court's order requires inferences or conclusions about which reasonable persons might differ, it is insufficient to support a judgment of contempt. *Chambers*, 898 S.W.2d at 260. Only reasonable alternative constructions, however, prevent enforcement of the order. *Id*. The order need not be full of superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague. *Id*.

Mark primarily complains of the provisions in the orders that prohibit the parties from making "disparaging" remarks and from communicating in a "coarse or offensive manner." We do not find that the standard language contained in the orders is ambiguous so that reasonable persons would find it susceptible to multiple interpretations. We find that the orders are sufficient to support a finding of contempt.

Mark argues that he did not willfully violate the orders. Mark does not cite authority to support his argument that any violation of the order must be willful. TEX. R. APP. P. 38.1(f). We overrule Mark's second issue.

## MODIFICATION OF CUSTODY

In his third issue, Mark argues that the contempt order modifies the custody of Mark and Cathryn's son, C.W. Mark was the joint managing conservator with the right

to establish the residence of C.W.  The contempt order provided that Cathryn has the exclusive right to designate the primary residence of C.W. until August 14, 2011.

The purpose of a habeas corpus proceeding is to ascertain whether the relator has been unlawfully confined.  *Ex parte Gordon*, 584 S.W.2d at 688.  The issue of modification of custody is not properly before us in this proceeding.  We express no opinion on whether the temporary provision for the care of C.W. is an improper modification of the parent-child relationship.

### ATTORNEY'S FEES

Mark argues in his fourth issue that the trial court's order incorrectly provides that attorney's fees may be collected as child support.  The order awarded $2,500 to Cathryn's attorney.  The order provided that Cathryn's attorney could enforce the judgment by any means available in his own name for the enforcement of a judgment for debt.  The order further stated that the award of attorney's fees could be enforced by any means available for the enforcement of child support including contempt, but not including income withholding.

The trial court may render judgment for attorney's fees in a suit affecting the parent-child relationship, and the judgment may be enforced in the attorney's name by any means available for the enforcement of a debt.  TEX. FAM. CODE. ANN. § 106.002 (Vernon 2008).  It is also generally held, however, that Texas law forbids collection of attorney's fees by contempt proceedings.  *In re Bielefeld*, 143 S.W.3d 924, 928 (Tex. App.—Fort Worth 2004, orig. proceeding).  Unless attorney fees were incurred to enforce orders for spousal or child support, law forbids collection of attorney fees by

contempt proceedings. *In re Bielefeld*, 143 S.W.3d at 930. We delete the statement in the order that "the attorney's fees and costs awarded herein may be enforced by any means available for the enforcement of child support including contempt but not including income withholding." We sustain Mark's fourth issue on appeal.

**ENDING DATE FOR CONTEMPT**

In the fifth issue, Mark complains that the trial court erred in setting an end date for each contempt violation. A trial court has no authority to set an ending date on a criminal contempt sentence because it denies the contemnor the right to be considered for "good time," a statutory credit he may receive as a reward for good behavior in jail. *In re Davis*, 305 S.W.3d 326, 333 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Cathryn concedes that the trial court had no authority to set an end date on the sentence. The portion of the order setting an ending date for each violation is therefore void. Accordingly, we delete the ending date for each violation from the order. *Id*. Mark's fifth issue is sustained.

**CONCLUSION**

We deny habeas corpus relief. The sentences for each violation are ordered to run consecutively. We delete the statement in the order that "the attorney's fees and costs awarded herein may be enforced by any means available for the enforcement of child support including contempt but not including income withholding." We also delete the portion of the order stating an ending date for each violation.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Denied
Opinion delivered and filed July 12, 2011
 [OT06]