IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00206-CV

 

In
re Mark Randall Wallen

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. D2010005128

 



MEMORANDUM  Opinion










 

            Relator, Mark Wallen,
requests habeas corpus relief from the April 5, 2011 order holding him in
contempt and ordering his commitment to county jail.  We deny habeas corpus
relief.

Background
Facts

            Mark Wallen and Cathryn
Maybin Wallen divorced in May 2010.  On August 16, 2010, the trial court
entered an agreed modification order.  The August 16 order contained an
injunction provision stating that the parties are permanently enjoined from
certain actions including making disparaging remarks regarding the other party
or the other party’s family in the presence or within hearing of the children,
hiding or secreting the children from the other party, and permitting an
unrelated adult with whom the other party has an intimate or dating
relationship to remain in the same residence with the children between the
hours of 8:00 p.m. and 8:00 a.m.

            On March 8, 2011, the trial
court signed a temporary restraining order that stated in pertinent part:

It is therefore ordered … that [Mark] is
immediately restrained from:

Communicating with [Cathryn] in person,
by telephone, or in writing in vulgar, profane, obscene, or indecent language
or in a coarse or offensive manner.

Threatening [Cathryn] in person, by
telephone, or in writing to take unlawful action against any person.

Placing one or more telephone calls,
anonymously, at any unreasonable hour, in an offensive and repetitious manner,
or without a legitimate purpose of communication.

Disturbing the peace of the children or
of another party. 

Making disparaging remarks regarding
[Cathryn] or [Cathryn’s family] in the presence or within the hearing of the
children. 

Discussing the case with the children
and/or showing the children any paperwork, emails, text messages, etc
concerning the case or the children the subject of this suit.

 

            Cathryn filed a motion for
enforcement alleging, among other things, that Mark sent her text messages
calling her a “bitch” and a “skank.”  Mark maintains that “skank” can mean
either “a person and especially a woman of low or sleazy character” or a
“rhythmic dance performed while swinging the arms and bending the knees…”.
Evidently, the trial court did not construe Mark’s text message as a comment on
dancing because after a hearing, the trial court found that Mark violated
provisions of the August 16 order and the March 8 temporary restraining order.  The
trial court found thirteen violations and ordered Mark confined for ten days
for each violation.  The trial court ordered each period of confinement to run
consecutively and stated a beginning and ending date for each period of
confinement.  The last period of confinement ends on August 14, 2011.  The
trial court also ordered Mark to pay attorney’s fees to Cathryn’s attorney. 
The trial court further ordered that Cathryn has the exclusive right to
designate the primary residence of Mark and Cathryn’s son until August 14,
2011. 

Standard of
Review

The purpose of a habeas corpus
proceeding is not to determine the ultimate guilt or innocence of the relator,
but only to ascertain whether the relator has been unlawfully confined.  Ex
parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  The presumption is that the
order or judgment challenged is presumed to be valid.  In re Turner, 177
S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).  In a
habeas corpus action challenging confinement for contempt, the relator bears
the burden of showing that the contempt order is void.  In re Coppock,
277 S.W.3d 417, 418-19 (Tex. 2009) (orig. proceeding).  An order is void if it
is beyond the power of the court to enter it, or if it deprives the relator of
liberty without due process of law.  Id.

To be enforceable by contempt, an order
must set out the terms of compliance in clear and unambiguous terms.  In re
Coppock, 277 S.W.3d at 418; Ex parte Brister, 801 S.W.2d 833, 834
(Tex. 1990) (orig. proceeding).  Moreover, a person cannot be sentenced to
confinement unless the order unequivocally commands that person to perform a
duty or obligation.  In re Coppock, 277 S.W.3d at 418; Ex parte
Padron, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding).

Restraint on
Speech

            Mark argues in his first
issue that the order preventing the parties from communicating in a coarse or
offensive manner is an unconstitutional prior restraint on speech.  An
administrative or judicial order that forbids certain future communications
constitutes a prior restraint on speech.  Alexander v. United States,
509 U.S. 544, 550, 113 S. Ct. 2766, 2771, 125 L. Ed. 2d 441 (1993).   None of
the cases cited by Mark involve suits affecting the parent-child relationship
in which the court orders parents to refrain from disparaging each other in the
presence of the children.  The cited cases do not address the negative effect
of offensive communication between parents on their children.  We do not find
that the trial court’s orders preventing Mark and Cathryn from communicating
with each other in an offensive manner is an unconstitutional prior restraint
on speech.  We overrule Mark’s first issue.

Vague Orders

            In his second issue on
appeal, Mark argues that the orders he was found to have violated were too
vague for a finding of contempt.  Mark contends that the provisions are not
specific enough to be enforced citing In re Coppock as authority. 
However, in Coppock the judgment did not order or mandate compliance. 
There was no injunctive language commanding or ordering the parties not to
engage in the described activity.  In re Coppock, 277 S.W.3d at 419.  

            The August 16 order
“ordered” that the parties are permanently enjoined from engaging in the
described conduct.  The March 8 order “ordered” that Mark is immediately
restrained from engaging in the described conduct.  The orders contain
sufficient language to advise the parties that refraining from or engaging in
the described conduct is mandatory.  In re Coppock, 277 S.W.3d at 419. 
We find that the order sets forth the terms in clear and specific terms.

            Mark further contends that
the language in the order is susceptible to different sensibilities and
interpretations.  The order underlying a contempt judgment must set forth the
terms of compliance in clear, specific, and unambiguous terms so that the
person charged with obeying the order will readily know exactly what duties and
obligations are imposed upon him.  Ex parte Chambers, 898 S.W.2d 257,
259 (Tex.1995).  If the court's order requires inferences or conclusions about
which reasonable persons might differ, it is insufficient to support a judgment
of contempt.  Chambers, 898 S.W.2d at 260.  Only reasonable alternative
constructions, however, prevent enforcement of the order.  Id.  The
order need not be full of superfluous terms and specifications adequate to
counter any flight of fancy a contemnor may imagine in order to declare it
vague.  Id.

            Mark primarily complains of
the provisions in the orders that prohibit the parties from making
“disparaging” remarks and from communicating in a “coarse or offensive
manner.”  We do not find that the standard language contained in the orders is
ambiguous so that reasonable persons would find it susceptible to multiple
interpretations.  We find that the orders are sufficient to support a finding
of contempt. 

Mark argues that he did not willfully
violate the orders.  Mark does not cite authority to support his argument that
any violation of the order must be willful.  Tex.
R. App. P. 38.1(f).   We overrule Mark’s second issue. 

Modification of
Custody

In his third issue, Mark argues that the
contempt order modifies the custody of  Mark and Cathryn’s son, C.W.  Mark was
the joint managing conservator with the right to establish the residence of
C.W.  The contempt order provided that Cathryn has the exclusive right to
designate the primary residence of C.W. until August 14, 2011.

The purpose of a habeas corpus
proceeding is to ascertain whether the relator has been unlawfully confined.  Ex
parte Gordon, 584 S.W.2d at 688.  The issue of modification of custody is
not properly before us in this proceeding.  We express no opinion on whether
the temporary provision for the care of C.W. is an improper modification of the
parent-child relationship.  

Attorney’s Fees

Mark argues in his fourth issue that the
trial court’s order incorrectly provides that attorney’s fees may be collected
as child support.  The order awarded $2,500 to Cathryn’s attorney.  The order
provided that Cathryn’s attorney could enforce the judgment by any means
available in his own name for the enforcement of a judgment for debt.  The
order further stated that the award of attorney’s fees could be enforced by any
means available for the enforcement of child support including contempt, but
not including income withholding. 

The trial court may render judgment for
attorney’s fees in a suit affecting the parent-child relationship, and the
judgment may be enforced in the attorney’s name by any means available for the
enforcement of a debt.  Tex. Fam. Code.
Ann. § 106.002 (Vernon 2008).  It is also generally held, however, that
Texas law forbids collection of attorney's fees by contempt proceedings.  In
re Bielefeld, 143 S.W.3d 924, 928 (Tex. App.—Fort Worth 2004, orig.
proceeding).  Unless attorney fees were incurred to enforce orders for spousal
or child support, law forbids collection of attorney fees by contempt
proceedings.  In re Bielefeld, 143 S.W.3d at 930.  We delete the
statement in the order that “the attorney’s fees and costs awarded herein may
be enforced by any means available for the enforcement of child support
including contempt but not including income withholding.” We sustain Mark’s
fourth issue on appeal. 

Ending Date for
Contempt

            In the fifth issue, Mark
complains that the trial court erred in setting an end date for each contempt
violation.  A trial court has no authority to set an ending date on a criminal
contempt sentence because it denies the contemnor the right to be considered
for “good time,” a statutory credit he may receive as a reward for good
behavior in jail. In re Davis, 305 S.W.3d 326, 333 (Tex. App.—Houston [14th
Dist.] 2010, orig. proceeding).  Cathryn concedes that the trial court had no
authority to set an end date on the sentence.  The portion of the order setting
an ending date for each violation is therefore void.  Accordingly, we delete
the ending date for each violation from the order.  Id.  Mark’s fifth
issue is sustained.

Conclusion

            We deny habeas corpus relief.  The
sentences for each violation are ordered to run consecutively.  We delete the
statement in the order that “the attorney’s fees and costs awarded herein may
be enforced by any means available for the enforcement of child support
including contempt but not including income withholding.”  We also delete the
portion of the order stating an ending date for each violation.  

 

AL SCOGGINS

Justice

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Denied

Opinion
delivered and filed July 12, 2011

 [OT06]