**Opinion filed August 16, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00197-CV

_____

## IN RE NATHAN M. ALTENHOFEN

---

**Original Habeas Corpus Proceeding**

---

## M E M O R A N D U M   O P I N I O N

This is an original habeas corpus proceeding that stems from an order for capias and setting of bond that was based upon a motion to revoke the suspension of commitment in the underlying case, which involved child custody and child support. *See* TEX. FAM. CODE ANN. § 157.214–.216 (West 2014). Relator, Nathan M. Altenhofen, asserts that he is to be unlawfully arrested upon his appearance in Texas without being afforded the right to examine and confront witnesses. He also asserts that the evidence against him has already been impeached in a federal court and that,

as a result of various illegal activity related to the underlying case, "a very substantial 'False Debt' against [Relator] has been created out of thin air." We deny Relator's request for habeas corpus relief.

Relator has a child for whom he has apparently been ordered to pay child support. On May 18, 2018, in response to a motion to revoke the suspension of Relator's commitment, the trial court signed an order in which it found that a writ of capias should be issued for Relator's arrest. The order reflects that, at that time, Relator allegedly owed $2,900.38 in arrearages. In the May 18 order, the trial court set Relator's bond at $4,900.38 and ordered that Relator be released upon the posting of a cash bond in that amount.

Relator presents various complaints in this court, some of which relate to his effort to protect his son and some of which relate to the matter that is before us. In a habeas corpus action such as this, the relator bears the burden of showing that the trial court's order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding); *Ex parte Rosser*, 899 S.W.2d 382, 385 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). The order would be void if it was beyond the power of the trial court to enter the order or if the order deprived the relator of liberty without due process of law. *In re Coppock*, 277 S.W.3d at 418; *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding); *see Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Here, it appears that the trial court entered an order that was within its power to enter. A trial court has the power, upon the filing of a proper motion to revoke, to order the respondent's arrest by warrant. FAM. § 157.215(a). Furthermore, Relator has not shown that he has been deprived

of liberty without due process of law.[1]  We hold that Relator has not met his burden in this cause.

Accordingly, we deny Relator's petition for writ of habeas corpus.

PER CURIAM

August 16, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that, upon arrest, "[t]he respondent must be brought promptly before the court ordering the arrest."  FAM. § 157.215(b).  The court that ordered the arrest must then hold a hearing within a specified time: three days if the trial court is available, but no more than seven days.  *Id.* § 157.216(a), (b).  After such hearing, the trial court may continue, modify, or revoke the respondent's community supervision.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.