**Affirm, Reverse and Remand Opinion Filed January 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00252-CV

**ERIN WALKER, Appellant/Cross-Appellee**

**V.**

**PEGASUS EVENTING, LLC, ELLEN DOUGHTY-HUME, AND ALISTAIR HUME,**
**Appellees/Cross-Appellants**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 100256-422**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

This appeal is from an interlocutory order granting in part and denying in part a motion to dismiss filed pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1] Appellant/cross-appellee Erin Walker, the movant below, contends that the district court should have granted her motion in its entirety. Cross-appellants/appellees Pegasus Eventing, LLC (Pegasus), Ellen Doughty-Hume, and Alistair Hume,[2] the non-movants, assert Walker forfeited her motion, and, alternatively, the court properly denied the motion in part on its merits. We hold the hearing on Walker's motion was untimely, which

---

[1] The underlying case was filed before the effective date of the 2019 amendments to the TCPA. Accordingly, all citations are to the prior version of the statute.

[2] In this opinion, we will collectively refer to Pegasus, Doughty-Hume, and Hume as "appellees."

resulted in a forfeiture of the motion. Accordingly, we affirm in part and reverse and remand in part, as explained below.

## BACKGROUND

Appellees Doughty-Hume and Alistair Hume own appellee Pegasus, which provides eventing training[3] and horse boarding. Doughty-Hume was certified by the United States Eventing Association (USEA) as an instructor pursuant to the Instructor Certification Program (ICP).

In April 2016, Walker sought out Doughty-Hume for eventing training. Over the next sixteen months, Doughty-Hume trained Walker and boarded her horses. Walker claims that, unbeknownst to her at the time, Doughty-Hume's training methods caused horses to over-face[4] and to suffer avoidable injuries. Moreover, Doughty-Hume allegedly (i) pushed Walker to perform jumps above her competition level and skill; and (ii) placed a horse that she believed to be sick in the barn near Walker's horses. In addition, while lunging a horse named Beau, Doughty-Hume became frustrated and allegedly used the whip to move Beau forward. Beau grew anxious and stood up on his hind legs. This caused him to lose his balance, fall backwards, and hit is head forcibly on the ground, thereby suffering a fatal injury.

Walker obtained additional lessons from other instructors and came to the conclusion that Doughty-Hume's training was dangerous to riders and horses. By August 2017, Walker fired Doughty-Hume as her instructor and moved her horses from appellees' barn.

That same year, the USEA investigated Doughty-Hume after it received complaints regarding her teaching methods and her purported mistreatment of horses. The USEA reached an agreement with Doughty-Hume that she could maintain her certification if, going forward, she would (i) "instruct and ride without use of excessive force"; (ii) "[p]rovide humane care for all

---

[3] "Eventing is an equestrian sport in which horse and rider compete in three events over three days." *Eriksson v. Nunnink*, 233 Cal. App. 4th 708, 713 (2015). These events include jumping over obstacles.

[4] Over-facing occurs when a horse approaches an obstacle that it does not feel comfortable jumping over, and the horse then comes to a stop.

horses boarded"; (iii) "[a]void over-facing horses and/or riders, especially when jumping"; and (iv) "[m]ount children and amateur adults on horses appropriate to riders' experience, disposition, [and] skills – i.e. on horses who are not too young, not too green, [and] sufficiently compliant."

Thereafter, Walker and another of Doughty-Hume's clients each made an additional complaint to the USEA regarding Doughty-Hume. In connection with the investigation of these complaints, Walker provided a statement to the USEA. Following its investigation, the USEA revoked Doughty-Hume's certification based on its determination that "a greater than preponderance of pertinent and credible evidence support[ed] the complaints."

Appellees sued Walker and three other clients of Doughty-Hume—Stephanie Clifford, Glendon Crain, and Kelsey Silvey. Appellees asserted five causes of action against all defendants: business disparagement, tortious interference with existing contracts, tortious interference with prospective business relations, intentional infliction of emotional distress, and civil conspiracy. Appellees also asserted a defamation claim against Clifford, Crain, and Silvey. The foregoing claims were premised on defendants' purported campaign to harm appellees through disparaging statements and allegedly false accusations of illegal conduct.

Pertinent to this appeal, Clifford was served with process on September 22, 2018. On September 24, Walker filed a motion to dismiss appellees' claims pursuant to the TCPA. *See* CIV. PRAC. & REM. § 27.003. The certificate of service on Walker's motion reflects that the motion was served that day on Christine Renne, who was counsel for appellees, and on Rothwell Pool, who was counsel for Crain. Walker did not serve Clifford with the motion.

Three weeks later, on October 15, Clifford filed an original answer pro se. Clifford's answer contained a "c/o" designation beneath her name that listed the address of Michael Avenatti, an out-of-state attorney. However, Avenatti did not sign the answer.

Walker's motion was set for hearing on November 13, 2018. *See id.* § 27.004(a) (requiring that hearing on motion to dismiss be set no later than sixtieth day after date of service of motion, subject to enumerated exceptions). Prior to the hearing date, appellees filed a motion for discovery and for continuance of the hearing. *Compare id.* § 27.003(c) (providing that all discovery is suspended during the pendency of a motion to dismiss) *with id.* § 27.006(b) ("On a motion by a party . . . and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.").

Appellees' motion was set for hearing on November 1, but this hearing never occurred. Instead, on November 1, the parties signed and filed a Rule 11 agreement with the court. *See* TEX. R. CIV. P. 11. The agreement provided that appellees would cancel the hearing on their motion for discovery, and the parties would allow limited discovery relevant to Walker's motion to dismiss. In addition, Walker agreed to cancel the hearing on her motion and to request that the hearing instead be conducted in December 2018. *See* CIV. PRAC. & REM. § 27.004(a) (permitting extension of deadline for conducting hearing on TCPA dismissal motion, upon agreement of parties, subject to requirement that such hearing may not occur more than ninety days after service of motion). Moreover, the parties agreed that the hearing on Walker's motion would not "be set later than the statutorily mandated time frame, which is up to 120 days (January 22, 2019) after service of the . . . Motion." *See id.* §§ 27.004(c), 27.006(b) (permitting extension of deadline for conducting hearing on TCPA dismissal motion, if court allows discovery, subject to requirement that such hearing may not occur more than 120 days after service of motion). On November 16, the parties signed a second Rule 11 agreement that set forth deadlines for responding to each other's discovery requests. This agreement contemplated that discovery would be completed by December 7, 2018.[5]

---

[5] Specifically, Walker would complete her document production by November 20, and appellees would complete their production by December 7.

Pursuant to the November 1 agreement, Walker's motion to dismiss was set for hearing on December 18, 2018. On the day before the hearing, the parties filed several documents with the court, including, by Walker, a reply brief in support of her motion, and, by appellees, a sur-reply brief and a first amended petition. Among other new allegations, appellees' amended petition accused Walker and the other defendants of making false statements about appellees "and their alleged treatment of working students, some of whom were minors."

At the beginning of the December 18 hearing on Walker's motion to dismiss, the district court asked whether Clifford had been served with the motion or with notice of the hearing. Walker's counsel responded he had not served Clifford with the motion, and he served the notice of hearing only on Avenatti. Both Crain's and appellees' counsel concurred that, for the hearing to proceed, Clifford needed to be served with the motion. *See* TEX. R. CIV. P. 21(b) (providing that notice of hearing must be served on all parties not less than three days before time specified for hearing). Walker's counsel argued to the contrary and also urged that the TCPA mandated that the hearing on the motion to dismiss occur within 120 days of service of the motion, i.e., by January 22, 2019.[6] The court reset the hearing for January 11 and instructed counsel to serve Clifford with notice of the hearing and all documents related to Walker's pending motion.

Also at the December 18 hearing, appellees' counsel, Renne, stated that Walker had produced over 2,000 pages of text messages to appellees. Renne asked, "[i]f I find additional information, may I still submit that as well as some affidavits?" She also asked for an opportunity to more thoroughly review and respond to Walker's reply brief. Based on these requests, the court stated, "I'm going to give you a date where you'll have an opportunity to digest the briefs and materials provided." The court gave counsel until January 4 to supplement the record with any

---

[6] Walker's counsel did not mention that section 27.004(c) allows an extension of the hearing date to 120 days only if the court allows discovery.

additional materials that they wished to submit in support of, or in opposition to, Walker's motion to dismiss.

Following the December 18 hearing, Walker served Clifford with the motion to dismiss and the notice of the reset hearing. In addition, Walker supplemented her document production to appellees. On January 4, appellees again amended their petition, this time to assert for the first time a defamation claim against Walker based on the documents that she had produced in her supplemental production. Appellees also filed a supplemental brief that urged the upcoming January 11 hearing was untimely because it was not held within ninety days after Walker served her motion on appellees, i.e., by December 24, 2018. *See id.* § 27.004(a). Appellees asserted that the only permissible basis for holding the hearing beyond the ninety-day deadline—to allow for discovery, *see id.* §§ 27.004(c), 27.006(b)—did not apply here. Appellees renewed their objection at the January 11 hearing. The court overruled the objection, stating, "I set this matter for hearing within the 60 day period. I recessed the hearing to cure a defect in service, and I'm reconvening the hearing today." The court also stated that it "want[ed] the record to be closed effective at the beginning of this hearing because otherwise I'll never have a stopping point . . . to make a ruling."

A little over a month later, on February 8, the court denied Walker's motion to dismiss as to appellees' business disparagement claim and granted the motion as to appellees' remaining claims, except for appellees' defamation claim, which the court's order did not reference. The court based its order on appellees' original petition, which was their live pleading as of the date of Walker's motion to dismiss. This petition did not allege a defamation claim against Walker, but the parties agree that they tried appellees' defamation claim by consent for purposes of Walker's motion to dismiss. Accordingly, Walker asserts that the court's order should have included a ruling on the defamation claim.

On February 12, 2019, Walker filed a motion for mandatory attorney's fees and sanctions. *See id.* § 27.009. The court held a hearing on this motion ten days later. At the hearing, appellees made another objection as an alternative to their prior objection that the January 11 hearing was untimely. Specifically, assuming that the hearing on Walker's motion to dismiss occurred on December 18, appellees urged that the motion was overruled by operation of law thirty days later, on January 18, 2019. *See id.* §§ 27.005(a), 27.008(a). According to appellees, this ruling by operation of law rendered the February 22 hearing moot. The court overruled appellees' objection, stating, "[t]he hearing actually took place in January. . . . [T]here had been a defect in service on one of the parties to the lawsuit, and I recessed that matter to reconvene in January after service on Ms. [Clifford]."

On February 27, 2019, the court granted Walker's motion for attorney's fees and sanctions, and it amended this order on March 1. *See id.* § 27.009. Both the original and amended orders awarded Walker $30,000 in reasonable and necessary attorney's fees and an additional $1,000 as a sanction against appellees. Walker appealed the court's February 8 order, *see id.* § 51.014(a)(12) (permitting appeal of interlocutory order that denies motion to dismiss under Civil Practice and Remedies Code section 27.003), and appellees cross-appealed the February 8 and March 1 orders, *see Pickens v. Cordia*, 433 S.W.3d 179, 181–82, 187–88 (Tex. App.—Dallas 2014, no pet.) (in movant's appeal from order denying movant's TCPA motion to dismiss in part, also considering non-movant's cross-appeal from portion of order granting such motion), *disapproved on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 466–67 (Tex. 2017).[7]

---

[7] Walker contends that we lack jurisdiction over appellees' cross appeal, based on the text of section 51.014(a)(12). *See also Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019) ("A departure from the final judgment rule in the form of an interlocutory appeal must be strictly construed because it is a narrow exception to the general rule that interlocutory orders are not immediately appealable." (citation and internal quotation marks omitted)); *Dallas Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019) ("[C[haracterizations of textual interpretations as 'strict', 'liberal', 'narrow', 'broad', and the like are not helpful when, as is usually the case, the real goal is simply a 'fair' reading of the language."). Under section 51.014(a)(12), one of our sister courts held that it lacked jurisdiction over a non-movant's cross appeal from the portion of an order that dismissed some of its claims on TCPA grounds. *Moricz v. Long*, No. 06-17-00011-CV, 2017 WL 3081512, at *3 (Tex. App.—Texarkana Jul. 20, 2017, no pet.) (mem. op.); *see also Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 889–91 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding that denial of a motion to dismiss does not provide an avenue of interlocutory appeal to all other

## ANALYSIS

We begin by considering appellees' cross-appeal. They raise nine issues that distill into three alternative contentions related to untimeliness: (i) Walker's motion to dismiss was untimely, or (ii) Walker's appeal was untimely, or (iii) the hearing on Walker's motion was untimely, and thus she forfeited the motion. We also consider Walker's sixth through eighth issues, which focus on the third of the foregoing arguments.

The TCPA requires a defendant seeking the statute's protections to move for dismissal and to obtain a hearing on the motion within certain clearly defined periods. *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.). The failure to meet these requirements results in the defendant's forfeiting the statute's protections, and the case should continue as if the motion to dismiss were never filed. *Id.* Specifically, if the trial court does not hold a hearing at all, then we lack jurisdiction over an appeal related to the motion. *See In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222, at *1 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.) ("[C]ourts of appeals lack jurisdiction over an appeal involving [a TCPA] motion if the trial court refuses to hold a timely hearing despite the movant's reasonable requests to the trial court for that hearing.").[8] Moreover, in a case in which the trial court denied the defendant's motion on the basis that the hearing was untimely, our sister court affirmed, based in part on this Court's decision in *Braun. See Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 422–25 (Tex. App.—San Antonio 2017, no pet.); *cf. Dallas Morning News, Inc. v. Mapp*, No. 05-14-00848-CV, 2015 WL 3932868, at *3 (Tex. App.—Dallas June 26, 2015, no pet.)

---

ancillary rulings contained within same written interlocutory order). Contrary to *Moricz* and *Schlumberger*, this Court has entertained a non-movant's cross appeal in such circumstances. *See Pickens*, 433 S.W.3d at 181–82, 187–88.

[8] *Accord RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *2 (Tex. App.—Texarkana Aug. 29, 2019, no pet. h.) (mem. op.) ("[W]e do not have jurisdiction to hear an interlocutory appeal under the TCPA when there has been neither a hearing on the motion to dismiss, nor an express order dismissing the motion."); *Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *1 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.) ("Since the trial court held no hearing on [the] motion, it necessarily did not fail to rule on that motion within thirty days after the hearing on the motion. Thus, [the] motion was not denied by operation of law."); *Braun*, 2017 WL 4250235, at *2 ("If the trial court does not expressly deny the motion to dismiss and the motion to dismiss is not denied by operation of law because there was no hearing, then there is no order subject to an interlocutory appeal.").

(mem. op.) (holding "trial court is without authority to grant a motion to dismiss under the [TCPA] more than thirty days after the hearing" on the motion). In light of the foregoing cases, to the extent the hearing on Walker's motion was untimely, we conclude that the district court should have proceeded as if the motion had never been filed. In this scenario, it should have refused to hold a hearing on the motion, or if it held such a hearing, it should have denied Walker's motion in its entirety.

Turning to the merits of the timeliness question, the TCPA requires that the hearing on a motion to dismiss must be set not later than the sixtieth day after the date the motion is served. CIV. PRAC. & REM. § 27.004(a). The hearing may be extended in certain specified circumstances, including an agreement of the parties to do so, "but in no event shall the hearing occur more than 90 days after service of the motion." *Id.* The statute additionally provides that, if the court "allows" specified and limited discovery relevant to the motion, the court may extend the hearing date to "allow" such discovery, "but in no event shall the hearing occur more than 120 days after the service of the motion." *Id.* §§ 27.004(c), 27.006(b).[9]

In this case, the parties, by agreement, extended the hearing date on Walker's motion to December 18, 2019, which was eighty-five days after Walker served her motion on appellees and Crain. *See id.* § 27.004(a). However, the court rescheduled the hearing to January 11, 2019, upon learning that Clifford was neither served with the motion nor notified of the hearing.[10] January 11 was 109 days after Walker served her motion on appellees and Crain. Thus, the hearing on Walker's motion to dismiss was untimely unless (i) the period for the hearing to occur did not

---

[9] Namely, "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b). Moreover, "[i]f the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003." *Id.* § 27.004(c).

[10] Notwithstanding the district court's statement at the January 11 hearing that it had "recessed" the December 18 hearing, the TCPA required that the hearing on Walker's motion *occur* within 90 days, or if the court allowed discovery, within 120 days, of the service of Walker's motion. *See id.* § 27.004(a), (c).

begin to run until appellees amended their petition, or (ii) such period did not commence until Clifford was served following the December 18 hearing, or (iii) the court extended the hearing to "allow" "specific and limited discovery relevant to the motion." *Id.* §§ 27.004(c), 27.006(b). We will consider each of these possibilities in turn.

**Commencement of Period for Hearing to Occur**

Walker contends that "[a]ppellees reset the TCPA deadlines when they amended their Petition twice with new allegations and a new claim of defamation against Walker." As support, Walker cites *Campone v. Kline*, which notes that "[t]he deadline for filing a TCPA motion may be reset if an amended petition asserts claims based upon new factual allegations." No. 03-16-00854-CV, 2018 WL 3652231, at *6 (Tex. App.—Austin Aug. 2, 2018, no pet.) (mem. op.) (citation and internal quotation marks omitted). The plaintiffs' original petition in that case alleged defamation against a sole defendant arising from statements that the defendant purportedly made to a specific individual, Charlotte Michelson. *Id.* at *4. The plaintiffs amended their petition to add new factual allegations about other instances of defamation and to allege new and distinct injuries, including adding a new defendant. *Id*. at *4–5. In this circumstance, our sister court held that the defendants' motion to dismiss was timely as to all of plaintiffs' defamation claims other than those grounded in the alleged statements on which plaintiffs' original petition was based. *Id.* at *6; *cf. Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.) (stating that each republication of defamatory statement generally inflicts "new and distinct injury" and thus can be basis of new and separate claim).

In contrast to *Campone*, we held in *Mancilla v. Taxfree Shopping, Ltd.* that the filing of an amended petition that did not alter the essential nature of the plaintiff's action did not restart the deadline for filing a motion to dismiss under the TCPA. No. 05-18-00136-CV, 2018 WL 6850951, at *3–4 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.); *accord Hayes v. Cavin*, No. 03-

17-00501-CV, 2018 WL 4939010, at *3 (Tex. App.—Austin Oct. 12, 2018, pet. denied) (mem. op.) (declining to hold that trial court erred in determining motion to dismiss was untimely, given that trial court could have concluded plaintiffs' amended petition did not allege new and distinct injuries and instead clarified their defamation claim).

In this case, appellees' first and second amended petitions added new factual allegations regarding disparaging and defamatory statements purportedly made by Walker. For example, as noted above, appellees' first amended petition accused Walker and the other defendants of making false statements about appellees "and their alleged treatment of working students, some of whom were minors." In addition, appellees' second amended petition alleged that Walker made false allegations to the USEA on January 14 and 15, 2018, that Doughty-Hume purchased alcohol for minors and "skinny dip[ped]" with working students. Appellees' second amended petition also added Walker as a defendant with respect to their defamation claim.

Assuming that the foregoing pleading amendments reset the deadline for Walker to file an amended or supplemental motion to dismiss in response to the amendments, we conclude, under the circumstances of this case, that the amendments did not reset the deadline for conducting a hearing on Walker's motion. Namely, the deadlines in section 27.004 require the hearing to occur within a specified number of days after "service of the motion." CIV. PRAC. & REM. § 27.004(a)–(c). Under this language, the period for the hearing to occur ran from when Walker served her motion to dismiss, as opposed to when appellees filed, or served Walker with, their amended petitions.

We address next when Walker's motion was "serv[ed]" for purposes of section 27.004. The statute does not specify on whom the motion must be served to start the clock with respect to the deadlines for conducting a TCPA hearing. However, since these deadlines are specific and relatively short, *In re Herbert*, 2019 WL 4509222, at *1, we interpret the phrase "service of the

motion" to mean service on the claimants, as opposed to service on all parties. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011) ("Language cannot be interpreted apart from context."). To conclude otherwise would permit a defendant/movant to expand the deadline for conducting a dismissal hearing by delaying service of the motion on one or more of the co-defendants/non-movants.

Walker also contends that appellees are barred from urging that the January 11 hearing was untimely, given their counsel's concurrence that the December 18 hearing should be reset to allow for service of the motion to dismiss on Clifford. In Walker's view, appellees cannot profit from an error that they purportedly invited. *See Haler v. Boyington Capital Grp., Inc.*, 411 S.W.3d 631, 637 (Tex. App.—Dallas 2013, pet. denied) ("[T]he doctrine of invited error provides that a party may not complain of an error which the party invited."). We are not persuaded by this argument because it was Walker's error in failing to serve Clifford with the motion that necessitated rescheduling the hearing beyond the ninety-day deadline to allow for such service. *See* Civ. Prac. & Rem. § 27.004(a). In addition, irrespective of who requested that the hearing be rescheduled, the statute mandates that the hearing must occur within the deadlines specified therein. *See id.* Accordingly, the invited-error doctrine does not apply here. *Cf. Tex. Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 596 (Tex. 2000) ("Where the common law is revised by statute, the statute controls." (citation and internal quotation marks omitted)).

In sum, the deadlines in section 27.004 began to run on September 24, 2018, the date that Walker served her motion to dismiss on appellees.

**Extension of Deadline to Allow Discovery**

Given our conclusion above, the hearing on Walker's motion to dismiss was untimely unless the district court extended the hearing date for the purpose of allowing discovery relevant to the motion. *See id.* §§ 27.004(c), 27.006(b). Walker urges that section 27.004(c) applies based

on the parties' Rule 11 agreement to allow discovery and to hold a hearing on the motion no "later than the statutorily mandated time frame, which is up to 120 days (January 22, 2019) after service of the . . . [m]otion." She asserts that the court had a ministerial duty to enforce this agreement, *see Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007) ("As this is a valid pretrial agreement under Rule 11, the trial court had a duty to enforce its terms."), and that appellees are bound by the agreement, *cf.* TEX. R. CIV. P. 191.1 ("Except where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by the agreement of the parties."); *id.* R. 191.2 ("Parties and their attorneys are expected to cooperate in discovery and to make any agreements reasonably necessary for the efficient disposition of the case."); *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 846 (Tex. 2008) (orig. proceeding) ("Discovery agreements serve an important role in efficient trial management, permitting the parties to settle their disputes without resort to judicial supervision.").

We do not agree with Walker under the circumstances of this case. Under the terms of section 27.004, parties may not, by agreement, extend the hearing date beyond ninety days after service of the motion, CIV. PRAC. & REM. § 27.004(a), though the court may "allow" discovery and conduct the hearing up to 120 days after service, *id.* § 27.004(c). To permit a Rule 11 agreement to serve as an "allow[ance]" of discovery by the court would circumvent the statutory restriction that parties may not agree to an extension beyond ninety days. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). Accordingly, we conclude that a Rule 11 agreement is insufficient to trigger the 120-day deadline. The filing of a Rule 11 agreement with the trial court, though required to enforce the agreement, is not itself a request for enforcement or for any other affirmative action by the trial court. *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 306 (Tex. 2004) (per curiam); *see also Schoendienst v.*

*Haug*, 399 S.W.3d 313, 320 (Tex. App.—Austin 2013, no pet.) ("[A] rule 11 agreement signed by the parties and filed with the court is not in itself a court order."). Moreover, such an agreement is enforceable through a separate breach of contract claim, *see Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam), not through a trial court's exercise of its contempt powers, *see In re Coppock*, 277 S.W.3d 417, 420 (Tex. 2009) ("Obligations that are merely contractual cannot be enforced by contempt.") (orig. proceeding). Thus, a Rule 11 agreement does not suffice as an "allow[ance]" of discovery by the court on a "showing of good cause," as is required by sections 27.004(c) and 27.006(b) for the 120-day hearing deadline to apply.

Walker also asserts that, at the December 18 hearing, the court granted a discovery extension, thereby activating section 27.004(c). We disagree with this characterization of the record. In response to Renne's statement that Walker had produced over 2,000 pages of text messages, the court gave the parties until January 4 to supplement the record with additional materials in support of, or in opposition to, Walker's motion. On this record, the court did not "allow" additional discovery by affording the parties an extension of time to file additional exhibits in support of their respective positions.

In conclusion, section 27.004(c) of the Civil Practice and Remedies Code does not apply here. Therefore, the hearing on Walker's motion was untimely. *See id.* § 27.004(a). Absent a timely hearing, Walker forfeited her motion, *see In re Herbert*, 2019 WL 4509222, at *2; *Braun*, 2017 WL 4250235, at *3, and the district court should have denied the motion in its entirety, *see Grubbs*, 544 S.W.3d at 422–25; *Mapp*, 2015 WL 3932868, at *3. We sustain issues six through eight in appellees' cross appeal. Given our disposition of these issues, we need not reach the other issues raised in Walker's appeal or in appellees' cross-appeal. *See* TEX. R. APP. P. 47.1

## CONCLUSION

We affirm the portion of the district court's February 8 order denying Walker's motion to dismiss as to appellees' business disparagement claim. We reverse the portion of the February 8 order granting Walker's motion as to appellees' claims for tortious interference with existing contracts, tortious interference with prospective business relations, intentional infliction of emotional distress, and civil conspiracy. We also reverse the March 1 order that awarded Walker attorney's fees and sanctions. We remand this cause to the district court for further proceedings consistent with this opinion.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

Carlyle, J., dissenting

190252f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIN WALKER, Appellant/Cross-Appellee

No. 05-19-00252-CV          V.

PEGASUS EVENTING, LLC, ELLEN DOUGHTY-HUME, AND ALISTAIR HUME, Appellees/Cross-Appellants

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 100256-422.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** and **REMANDED** in part. We **AFFIRM** the portion of the district court's February 8, 2019 order denying appellant/cross-appellee's motion to dismiss as to appellees/cross-appellants' business disparagement claim. We **REVERSE** the portion of the February 8 order granting appellant/cross-appellee's motion as to appellees/cross-appellants' claims for tortious interference with existing contracts, tortious interference with prospective business relations, intentional infliction of emotional distress, and civil conspiracy. We also **REVERSE** the March 1, 2019 order that awarded appellant/cross appellee attorney's fees and sanctions. We **REMAND** this cause to the district court for further proceedings consistent with this opinion

It is **ORDERED** that appellees/cross-appellants PEGASUS EVENTING, LLC, ELLEN DOUGHTY-HUME, AND ALISTAIR HUME recover their costs of this appeal from appellant ERIN WALKER.

Judgment entered this 7th day of January, 2020.